ÆTNA CASUALTY & SURETY CO. v. WOODWARD et al.

No. 1271–5847.

Commission of Appeals of Texas, Section B.
March 18, 1931.

Harry P. Lawther and H. B. Sanders, both of Dallas, for plaintiff in error.

Tomas G. Pollard, of Tyler, Bishop & Holland, Wynne & Wynne and Justice & Sigler, all of Athens, and Leffingwell & Dixon and M. S. Church, all of Dallas, for defendants in error.

SHORT, P. J.

On August 1, 1927, C. W. McBride entered into a formal contract with the Malakoff independent school district, having thereafter on August 5, 1927, executed a bond with the plaintiff in error as its surety, as provided by article 5160, R. S. 1925, for the construction of a school building to be used by said district as such. McBride proceeded with the construction of this building, under the supervision of W. D. Puterbaugh, who was the authorized supervisor of construction of said building, and also a member of the school board. However, before the building was completed McBride abandoned the contract. Among other terms of the contract, McBride agreed to pay for all the material furnished and for all the labor performed in the construction of said building, according to the specifications. He failed to do this.

This suit was commenced by the defendants in error I. L. and O. T. Woodward in the district court of Henderson county against C. W. McBride, Malakoff independent school district of Malakoff, of Henderson county, the Aetna Casualty & Surety Company (McBride's surety on his bond), the First National Bank of Malakoff, and all interveners who might file petitions of intervention, several of which pleas of intervention were in fact filed. The case was tried before a jury, who answered the only issue submitted, to the effect that the supervisor did not pay to the contractor more than 80 per cent. of the amount of labor and materials which were used by him in the construction of the school building in question. Among other provisions in the contract was one prohibiting the contractor from being paid more than 80 per cent. of the amount of labor and material, the purpose being to have the school district retain in its hands 20 per cent. of the amount of labor and materials, until after the contractor had completed the building, according to the specifications. The plaintiff in error has attacked this finding of fact as being contrary to all the evidence in the case. However, the court rendered a judgment for the original plaintiffs, I. L. and O. T. Woodward, for the sum of $580.50 against the defendant C. W. McBride, and his surety, the plaintiff in error, as well as in favor of certain interveners for various amounts, except the Dallas Plumbing Company, which was held to be entitled, in satisfaction of its judgment, amounting to $5,563.25, out of certain moneys in the registry of the court, placed by the Malakoff independent school district, as funds which McBride would have been entitled to had he complied with the terms of his contract, and further directing that any balance of said funds should be prorated among the other persons recovering judgments in proportion to their respective recoveries, and these payments are ordered to be credited upon the judgments against McBride and the plaintiff in error, his surety. The plaintiff in error, only, prosecuted an appeal to the Court of Civil Appeals at Waco, where the judgment of the district court was affirmed. 31 S.W. (2d) 679.

I. L. and O. T. Woodward, the original plaintiffs, performed certain work in connection with the construction of said building under a contract by C. W. McBride, the contractor, the amount and value of which is not questioned, nor is their right to recover questioned by the plaintiff in error, who admits the justice of this recovery by this defendant in error, under the pleadings and proof. This pleading of I. L. and O. T. Woodward is to the effect that the date of the contract was August 1, 1927, and that of the bond was August 5, 1927, and that between said dates, and the 27th of December, 1927, these plaintiffs, under a contract with McBride, performed certain labor and furnished certain material of the value of $1,730.50, for which McBride had paid all except $580.-50, which balance these original plaintiffs claimed the right to recover against McBride and his surety, for the reasons above indicated, and for the additional reason, as alleged, that they, within thirty days from the day their claim accrued and became payable, had filed with McBride and with the Malakoff independent school district, each a sworn statement of the indebtedness due them for labor performed and material furnished. This particular allegation, as well as the other material ones, was supported by uncontradicted testimony. So the plaintiff in error here, while admitting the right of the original plaintiffs to a recovery of the sum claimed, because of the allegations in their petition and the proof made in support thereof, contend that none of the claims of any of the interveners against McBride were for labor performed, or for material furnished in the construction of the building, are chargeable against it as McBride's surety for the reason that there was neither pleading nor proof, such as was made by the original plaintiffs, that any of said interveners

had, within thirty days from the date that their respective claims had accrued and become payable, filed with the contractor, or with the county clerk of Henderson county, a sworn itemized statement of the indebtedness due them either for labor performed or for materials furnished in behalf of McBride, in the furtherance of the completion of the contract, which McBride had entered into on the 1st day of August, 1927, since it appeared, from the pleadings and proof, that all of said labor performed and all of said materials furnished had been performed for or furnished to McBride after the 5th day of September, 1927, on which date article 5160, as amended by the Acts of the Legislature of 1927, 1st Called Sess., c. 39 (Vernon's Ann. Civ. St. art. 5160, note), had become effective, requiring the filing of said account either with the contractor or with the county clerk, within thirty days after the claim had accrued, which amendment, to article 5160, provided that in order that one performing labor or furnishing material, under the circumstances shown by the facts in this case, which had remained unpaid by the contractor, in order to hold the surety of the contractor liable for its failure to pay such amounts, must, within thirty days from the accrual of the claim, file a sworn statement with the contractor, or the county clerk, duly itemized. An examination of the record in this case shows that the Malakoff independent school district had obligated itself to pay McBride 80 per cent. of the amount due for labor and 80 per cent. of the amount due for material, every two weeks. The amendment to article 5160, R. S. 1925, requires that all claims for labor shall be filed within thirty days from the date that said claim accrued, and further provides that all claims for material shall be so filed within thirty days from the date of the delivery of said material. Since the contract provides that payment shall be made for this labor, and for this material every two weeks, it is only necessary to show when each particular labor was performed to determine when the claims for such labor accrued, respectively, this being done by adding two weeks to the respective dates when the labor was done. This is true for the reason that until the amendment to article 5160 of R. S. 1925 became effective, which was September 5, 1927, there was no law requiring any laborer or materialman, doing the things specified in article 5160, to do anything as a prerequisite to his right to make the surety of the contractor responsible for his failure, as a contractor, to make payment according to contract, either for the labor done or the material furnished. An inspection of the record in this case shows that the following named interveners, in whose favor judgment was rendered against the plaintiff in error, did not comply with the amendment to article 5160, there being no allegation in

any plea of intervention that they did, and the record further shows that no labor was done, and no material furnished the contractor until after September, 5, 1927, to wit: Intervener Jet Crawford, who recovered a judgment for $216 for labor; intervener Dallas Plumbing Company, who claimed to have performed labor and delivered material from September 19, 1927, to February 23, 1928, who recovered a judgment for $5,563.25; intervener Malakoff Fuel Company, who recovered a judgment for labor performed and material delivered, beginning September 17, 1927, up to and including February 2, 1928, for the sum of $384.82.

The court rendered judgment in favor of the following parties for the following sums: I. L. and O. T. Woodward, $580.50; Central Texas Iron Works, $462.69; Texas Clay Products Company, $434.15; Malakoff Fuel Company, $384.82; Jet Crawford, $216.00; George Criddle, $48.65; Hawn Lumber Company, $2,734.73; Dallas Plumbing Company, $5,563.25; against the defendants C. W. McBride and Ætna Surety Company, jointly and severally; that Malakoff independent school district should recover nothing against any party except cost and that the First National Bank of Malakoff recover nothing against anybody except cost; that out of the fund of money tendered into court by the Malakoff independent school district, through the First National Bank of Malakoff, a banking corporation, that the sum of $5,563.25, should be paid to the Dallas Plumbing Company, and the balance of said sum be prorated among the other interveners, to wit: Central Texas Iron Works, Texas Clay Products Company, Malakoff Fuel Company, Jet Crawford, George Criddle, and Hawn Lumber Company, in proportion to their respective sums decreed to them; that the Ætna Casualty & Surety Company should have judgment against C. W. McBride and his indemnifier Dodd, jointly and severally, for the total amount herein decreed against it, in favor of the respective parties named; and that the Ætna Casualty & Surety Company should recover nothing against the Malakoff independent school district. That the Dallas Plumbing Company should recover nothing against W. D. Puterbaugh and Roy I. Wier, and the Malakoff independent school district, and the First National Bank of Malakoff, and that the prior claim or lien asserted by I. L. and O. T. Woodward should be denied. Interest was also allowed at the legal rate on these sums.

However, an inspection of the record also shows that the following interveners delivered material to the contractor or performed labor for him on divers and sundry dates, previous to September 5, 1927, as well as previous to the date following September 5, 1927, when, under the contract, their claims against

724

the contractor matured and were payable, the exact amount of which, and their several rights, under the facts which may be established by another trial, cannot be ascertained by us: Central Texas Iron Works, for material, $462.69; Texas Clay Products Company, for material, $434.15; Hawn Lumber Company, for material, $2,734.73. Neither of these interveners either pleaded or proved compliance with the amendment to article 5160, which became effective September 5, 1927. However, previous to September 5, 1927, the law did not compel interveners to do anything towards giving any one any notice of the amount of the existence and amount of their several claims in order to make surety of the contractor liable for their unpaid claims.

 Under several assignments of error the plaintiff in error submits several propositions, the substance of all of which is to the effect that intervening creditors, either laborers or materialmen, are entitled to recover from the surety only by virtue of statutory provisions, and who plead and prove compliance with the statutory requirements as to filing sworn itemized notice of unpaid claims with the contractor or the county clerk within thirty days after the delivery of the material or the accrual of the claims for labor, as provided by article 5160, R. S. 1925, as amended by the Acts of the 40th Legislature, First Called Session, p. 114, which became effective on September 5, 1927. We sustain each and all of these assignments, being of the opinion that the proposition above stated is a correct one.

Having discussed this particular question, in answer to certain certified questions presented to the Supreme Court by the Court of Civil Appeals of the Seventh District, in American Surety Company of New York v. Axtell Company, wherein the Supreme Court, in adopting our opinion, in answer to these questions, has given its approval to the views therein expressed on this question, we deem unnecessary a restatement of them here, preferring to adopt our opinion in that case as our view of this question in this case. 36 S. W.(2d) 715.

Such being our construction of article 5160, as amended by the Acts of 1927, and it appearing from the record that the intervener Dallas Plumbing Company, who claimed to have performed labor and delivered material to the contractor from September 22, 1928, and the intervener Malakoff Fuel Company, who claimed to have performed labor and delivered material to the contractor beginning September 17, 1927, up to and including February 22, 1928, and the intervener Jet Crawford, who performed labor for the contractor more than thirty days after the first pay day, when he began to perform said labor for the contractor, none of whom pleaded or proved that they filed an itemized, authenticated statement of their account, either with the contractor of the county clerk of Henderson county, as provided by the amendment of the Acts of 1927, all of whom recovered judgments against the plaintiff in error for the sums claimed, besides interest accrued, in the district court, which were affirmed by the judgment of the Court of Civil Appeals, it is our opinion that the judgments in favor of these parties should be reversed. The record failing to show that, as to the interveners Central Texas Iron Works, Texas Clay Products Company, and Hawn Lumber Company, facts which will enable us to determine the exact amount for which the plaintiff in error is due each of said interveners, but inasmuch as the record does show that each of these interveners are entitled to recover some amount against the plaintiff in error, it is our opinion that the judgments rendered against the plaintiff in error in favor of these interveners should be reversed, and as to them the cause should be remanded to enable the trial court to determine the exact amount due each of these interveners, for which the plaintiff in error is liable, under the law, as declared by us in American Surety Company of New York v. Axtell Company. It will be noted from an inspection of article 5160, as amended by the Acts of 1927, that one suing for labor performed for a contractor, under circumstances of this case is required to give the notice, mentioned in that amendment, of the claim within thirty days from the date the claim accrued. Under the circumstances of this case, the claim for labor would not accrue until two weeks after the labor had been performed, by virtue of the terms of the contract. Since Malakoff independent school district was only required to pay the contractor for labor, as well as for material, every two weeks after the labor had been performed, and the material had been delivered, it further appears, from the language used in this amendment, that the notice for all claims for material delivered to a contractor must be given within thirty days from the date of the delivering of the material, and not from the accrual of the claim. So in determining the rights of those interveners who furnished material, under our construction of the law, it will be necessary for the trial court to determine the exact date each item of material was delivered, and allow the interveners, delivering such material, to recover against the plaintiff in error judgment for the value of all material delivered previous to the 5th day of September, 1927, since the date of the delivery of the material would determine the rights of the parties under the law, as it existed, by virtue of the amendment of 1927, and not the date of the accrual of the claim, as in the case where the claim is for labor performed. This distinction is due to the difference in the language used in reference to notice where the claim is for

labor, and where it is for material, and also by virtue of the terms of this particular contract.

It is true that the record shows that the Dallas Plumbing Company, which was allowed to appropriate substantially all of the money which had been retained by the school district, as the 20 per cent. of the price to be paid the contractor when the building was completed, under and by virtue of an assignment made by the contractor to it of this fund. The plaintiff in error assigned this action of the trial court as error in the Court of Civil Appeals, which assignment was overruled. This action of the Court of Civil Appeals has been assigned as error in the application for the writ of error. In support of this assignment the plaintiff in error submits this proposition: "A surety executing a bond for the faithful performance of the contract is assignee, as a matter of law, of all retained and unpaid funds and no previous contracts or assignments between any other parties can deprive the surety of such funds for the purpose of liquidating claims of unpaid credit, with a proportionate unpaid share to each." We sustain this proposition. Prairie Bank v. U. S., 164 U. S. 227, 17 S. Ct. 142, 41 L. Ed. 412; Union Indemnity Company v. Benton County Lumber Company, 179 Ark. 752, 18 S.W.(2d) 327. It also appears that the materials furnished to and labor performed for the contractor by the Dallas Plumbing Company were charged from September 19, 1927, to February 16, 1928, while the records show, without dispute, that the contractor abandoned the contract on December 27, 1927. It is also true, as shown by the record, that the Dallas Plumbing Company, on December 27, 1927, furnished the contractor an itemized, sworn statement of its claim; but there is no allegation in the plea of intervention, by the Dallas Plumbing Company, that it had given the notice required by the amendment of 1927. There being no allegation, this proof, even if it was material to any issue in the case, would not serve to aid this intervenor. This is specially true since the record shows that the plaintiff in error specially excepted to the sufficiency of the plea of intervention, because of the want of this allegation, which exception was, by the trial court, overruled, to which the plaintiff in error reserved an exception.

The record further shows that the original contract price was $35,400.08, 20 per cent. of which is $7,080.01, and that the contractor was paid $28,320.97. The record further shows that the school district, after the contractor abandoned the work, spent in completing the building the sum of $1,378.93, which, deducted from the $7,080.01, left $5,701.08, in the hands of the school district, which belonged to the contractor, subject to the payment of the unpaid claims for material and labor. While these claims, in the aggregate, apparently exceed the amount left of the 20 per cent. retainage in the hands of the school district after it had completed the building, yet the proportionate part, to which each claimant is entitled, is not shown by sufficient facts in the record to enable us to determine their respective shares thereof. Moreover, the judgment rendered in favor of the plaintiff in error against the contractor and his indemnifier, by the district court, and affirmed by the Court of Civil Appeals, may undergo, upon another trial, a material change, dependent upon the facts ascertained upon another trial, all of which, in our opinion, under the construction we have given to article 5160, as amended by the Acts of 1927, requires a reversal of the judgments of both courts, as to all the parties, except the judgment rendered in favor of the original plaintiffs, I. L. and O. T. Woodward, and also the judgment rendered in favor of the Malakoff independent school district, and the First National Bank of Malakoff, W. A. Ruterbaugh, and Roy I. Wier, the judgment in favor of the parties named last being merely one for cost.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court, in favor of the Malakoff independent school district and the First National Bank of Malakoff, Tex., W. D. Puterbaugh, and Roy I. Wier, be affirmed. As to the remaining parties, defendants and interveners, we recommend that the judgments of the Court of Civil Appeals and of the district court be reversed and the cause be remanded, for further proceedings not inconsistent with this opinion. We further recommend that I. L. and O. T. Woodward recover all cost against the plaintiff in error incurred in the prosecution of their claim against said plaintiff in error, and that the plaintiff in error recover of all the other parties, except the First National Bank of Malakoff and the Malakoff independent school district, W. D. Puterbaugh, Roy I. Wier, and I. L. and O. T. Woodward, all costs incurred in the Supreme Court, and that the costs incurred in the trial court and Court of Civil Appeals be apportioned and adjudicated by the district court upon another trial, according as the law and facts shall indicate.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals both in part reversed and remanded, and in part affirmed, and costs taxed, all as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.