**PEARSON LUMBER CO. v. COOPER et al.**

No. 3899.

Court of Civil Appeals of Texas. Amarillo. Nov. 2, 1932.

Rehearing Denied Nov. 23, 1932.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellant.

W. B. Handley, of Dallas, and Cooper & Lumpkin, of Amarillo, for appellees.

HALL, C. J.

The appellant, as plaintiff below, sued W. P. Cooper as contractor and the Employers' Liability Assurance Corporation, Limited, as his surety, alleging, in substance, that about June 1, 1929, Cooper entered into a contract with Quay county, N. M., to construct a school building in a certain district in said county. The contract bound Cooper to furnish a good and valid bond in favor of said county and school district, as well as all persons who might furnish labor or material, such bond to be conditioned that Cooper should truly and faithfully perform his contract and pay all subcontractors, workmen, laborers, and those who furnished material; that Cooper delivered his bond with the above-named corporation as surety, which contained the required stipulations, which said bond was executed July 11, 1929.

It is alleged that in the construction of said building and improvements Cooper purchased from plaintiff lumber company certain building materials which were used in the construction of the improvements, and it also furnished labor which he employed in such construction. Plaintiff attached to its petition an itemized account, showing the materials furnished, the dates upon which the several items were furnished, and the pur-

chase price thereof, including also a statement of labor money, which account showed a balance of $1,430.79 unpaid.

Plaintiff alleges that it relied upon the obligation evidenced by the bond to secure the payment of its debt, and that the assurance corporation knew that plaintiff was selling material which was being used, that the corporation was informed of the amount of such bills as the work progressed, and upon completion of the job the corporation was duly notified of the amount of the debt due and owing to plaintiff. The prayer is for judgment against both defendants, jointly and severally.

Cooper answered by general demurrer and general denial.

The assurance corporation answered, pleading that plaintiff's cause of action was not cognizable by the district court of Potter county, and should be dismissed.

The case was tried to the court without a jury, and resulted in a judgment in favor of plaintiff against Cooper in the sum of $1,430.79, and further decreed that plaintiff take nothing as against the Employers' Liability Assurance Corporation, Limited.

The case is before us upon three propositions, the substance of the first being that, because the bond in question is a valid contractual obligation, made expressly for the benefit of plaintiff as well as all other creditors who might furnish labor or material for the construction of the building in New Mexico, the trial court erred in denying plaintiff a recovery, since the uncontroverted facts are that plaintiff furnished material and labor which had not been paid for.

By the second proposition it is asserted that the bond in question is valid, enforceable, and a complete contractual obligation within itself, and the court was not warranted in reading into the bond the statutes of the state of New Mexico upon the presumption that said statutes are the same as in Texas, thereby denying plaintiff a recovery upon the bond for the material and labor furnished.

The third proposition is that, since the courts will not indulge the presumption that the law of another state is the same as the law of this state, when such presumption will work a forfeiture, it was error for the trial court to indulge such presumption in this case to the injury of plaintiff's rights.

The appellee, assurance corporation, by counter propositions, insists: (1) There being neither pleading nor proof of the statutes of New Mexico relating to bonds or contracts for public improvements, the trial court correctly indulged in the presumption that such statutes are the same as those of Texas on said subject; and (2) the bond in suit, having been required by statute, is a statutory obligation, the statute being a part of such bond and the sole measure of the surety's liability and the evidence showing plaintiff's noncompliance with such statute, the trial court did not err in rendering judgment for the surety.

The bond upon which the action is based contains, amongst other stipulations, the following:

(1) "And, Whereas, it is desired that the faithful performance of said contract by said W. P. Cooper be secured to said Quay County District School Board and that payment be secured to all persons who may perform labor or furnish material incident to the performance of said contract in compliance with the provisions of the statutes of the State of New Mexico," etc.; and

(2) "The condition of this obligation is such that if the said W. P. Cooper, principal, shall truly and faithfully perform said contract and shall well and truly pay all subcontractors, workmen, laborers, mechanics, and furnishers of material in full for all work done, labor performed and material furnished in the performance of said contract or in any manner incident to the performance thereof, then this obligation shall be null and void, otherwise to remain in full force and effect. This bond is made for the use of all persons and corporations who may furnish labor or material on the hereinbefore mentioned contract and may be sued on by them or either or any of them as if they and each of them were specifically named as the obligees herein."

Stipulation which we have numbered (1) above shows that New Mexico has enacted statutes which govern the materialman who furnishes material for use in the construction of public school buildings, and further shows that payment for labor and materials are to be made in accordance with the statutory provisions.

The appellant failed to plead or prove these laws, and we must presume that they are the same as the laws of Texas which relate to similar contracts. 17 Tex. Jur. 297, § 84.

In discussing R. S. art. 5160 et seq., the Commission of Appeals in Indemnity Insurance Co. v. South Texas Lumber Co., 29 S.W. (2d) 1009, 1010, said: "Granting for present purposes that, independently of the above statutes, and in spite of them, a cause of action accrued to the lumber company on the bond, as a common-law bond, it by no means follows that the company has any other remedy than as prescribed in these statutes. As a general rule, where the statutes give a remedy for the enforcement of an independent right, the remedy thus given is regarded as cumulative of other existing remedies. But this rule has no application in case the statutes, which create the given remedy, clearly imply a negation of other remedies. Thouvenin v. Rodrigues, 24 Tex. 468, 479; Montel v. Consolidation Coal Co., 39 Md. 164; 1 Tex. Jur. 688; 1 C. J. 988 et seq. The above statutes clearly imply that the remedy there ac-

corded to the materialman, to enforce his cause of action arising under a bond such as the one here involved, whether the bond be regarded as a statutory bond or not, is exclusive, and that his action on the bond is to be subject to the provisions of these statutes. * * * There is such a degree of repugnance between various provisions of the act and some of the general rules relating to cases growing from contracts, as clearly to imply a purpose on the part of the Legislature to render subject to the provisions of these statutes, without regard to the features of a common-law obligation which the bond might bear, any suit brought by a materialman on a bond taken by a city in a transaction of this sort."

Where a contract is made in pursuance of a special statute, the statute is a part thereof whether incorporated therein or not. If appellant had pleaded and proved the laws of New Mexico governing such contracts, and had further shown by testimony compliance with the provisions of such law, it would have been entitled to a judgment against the surety company herein. In the absence of any such pleading and proof, the laws of Texas must govern the rights of the parties, and, since it was not shown that the appellant had complied with the provisions and conditions required by amended article 5160 (Vernon's Ann. Civ. St. art. 5160) in filing with the county clerk an itemized and verified claim for the materials which had been furnished the contractor, it failed to make a prima facie case.

We think a proper judgment has been entered, and it is affirmed.