## METROPOLITAN CASUALTY INS. CO. v. CHEANEY et al.

### No. 1594—5970.

Commission of Appeals of Texas, Section A.

Dec. 22, 1932.

. Terrell, Davis, McMillan & Hall, of San Antonio, and J. A. Thomas, Louis D. Gayer, and Lloyd Kerr, all of San Angelo, for plaintiff in error.

Upton & Upton, J. F. Sutton, S. C. Autry, J. W. Stovall, Anderson & Jones, Smith &

Neill, and Harris O. Williams, all of San Angelo, and George C. Purl, G. Drummond Hunt, and Rice & Hyman, all of Dallas, for defendants in error.

Smith & Neill, of San Angelo, for San Angelo Board of Education.

HARVEY, P. J.

This controversy involves the rights of various claimants of funds retained in the hands of the San Angelo board of education, hereinafter designated as the school board; said funds constituting a part of the contract price which the school board agreed to pay for the construction of certain public improvements. The facts are substantially as follows: On April 11, 1928, the school board and Thomas-Sable Construction Company, hereinafter called the construction company, entered into five contracts in writing, whereby the latter became bound to construct certain improvements on five public school buildings in San Angelo. Each of said contracts involved a different school building, and was distinct from the other four. In connection with each of said building contracts, the construction company, as principal, and the Metropolitan Casualty Insurance Company, hereinafter called the insurance company, as surety, executed a bond in conformity to the provisions of article 5160 of the Revised Statutes, as amended by Acts 1927, 1st Called Sess., c. 39. With reference to each building contract and bond, the construction company executed to the insurance company an assignment reading as follows: "That in further consideration of the execution of said bond, the undersigned hereby assigns, transfers and conveys to the Company all deferred payments and retained percentages, and any and all moneys and properties that may be due and payable to the undersigned on account of said contract, or on account of extra work or materials supplied in connection therewith, hereby agreeing that such money, and the proceeds of such payments and properties shall be the sole property of the company and to be by it credited upon any loss, cost, damage, charge and expense sustained or incurred by it under said bond."

On September 10, 1928, the construction company completed the construction work in accordance with the respective building contracts, and the work was accepted by the school board. At that time the school board held and still holds in retainage, from the contract price of the construction work on the various school buildings involved, the following sums: Junior high school, $11,353.31; John H. Reagan school, $4,123.87; Santa Rita school, $3,381.85; San Jacinto school, $4,050.87; Ft. Concho school, $2,470.65—aggregating the sum of $25,380.55. When all the construction work was completed, the construction company owed claims aggregating $28,589.43, for labor and material that went into the various buildings. The furnishers of such labor and material included the defendants in error herein, to wit, the plaintiff A. T. Cheaney and the various interveners herein, and also included Wm. Cameron & Co., whose claim amounted to $13,063.40, and the Lydick Roofing Company whose claim amounted to $1,020.15. The two last named companies secured liens on the bonds of the construction company by complying with the provisions of R. S. art. 5160, as amended in the year 1927; and, in April, 1929, the insurance company, as surety on said bonds, paid the claims of said two companies. None of the defendants in error secured liens on any of said bonds by complying with the last-mentioned statute. They did, however, give notice of their claims to the school board, as provided by section 1 of the Act of 1925, c. 17, p. 44, Laws passed by 39th Legislature, Regular Session (article 5472a, Vernon's Ann. Civ. St.). The Lydick Roofing Company also gave notice of its claim in accordance with the provisions of the last-named statute. All the notices just mentioned were given prior to January 1, 1929. Wm. Cameron & Co. did not comply with the last-mentioned statute. The present suit was commenced in March, 1929, by the defendant in error A. T. Cheaney against the construction company, the insurance company, and the school board, in which he sought to recover of the construction company the amount due on his claim for labor and material furnished, and to require the school board to pay same from said funds retained by the board. The various other defendants in error intervened in the suit and sought similar relief in respect of their respective claims for labor and material furnished. The insurance company in its answer set up a cross-action in which it asserted (1) a prior claim to all said funds by virtue of the several assignments executed by the construction company, which became effective long before any of the defendants in error gave notice of their respective claims to the school board; and, in the alternative (2) a right to share in the distribution of said funds, as the successor in right, by subrogation, to Wm. Cameron & Co. and the Lydick Roofing Company, whose claims the insurance company has paid as surety of the construction company. These rights asserted by the insurance company furnish the main grounds of controversy in the case. The trial court gave judgment for all the defendants in error for the relief sought by them, and established liens in their favor on the funds in retainage, as a whole, and directed the payment of the claims of the defendants in error from said funds, as a whole, without regard to which of the several building contracts the various claims for labor and material pertained. The trial court denied the relief sought by the insurance company in its cross-action. The latter company appealed, and the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause [32 S.W.(2d) 691], and in so doing con-

cluded, in effect (1) that, as regards each separate retainage fund in question, the claim of the insurance company, as assignee of the construction company, is inferior to such of the claims for labor or material as are chargeable against that particular fund; (2) that, since the Lydick Roofing Company complied with the provisions of the act of 1925 (Vernon's Ann. Civ. St. art. 5472a) and thus procured a lien on retained funds in the hands of the school board, the insurance company, in paying the Lydick Company's claim, became subrogated to the lien which the latter company had fixed; (3) that, with respect to the claim of Wm. Cameron & Co., the insurance company was not entitled to a lien on any of said funds; (4) that the trial court erred in directing payment of claims for labor and material from said retained funds, without regard to the particular building contract in respect of which the labor or material was furnished.

Excepting the third conclusion, which relates to the claim of Wm. Cameron & Co., it is our opinion, for reasons to be stated, that the several conclusions of the Court of Civil Appeals, as indicated above, are correct. Sections 1 and 2 of said act of 1925 (appearing in Vernon's Statutes as articles 5472a and 5472b) read as follows:

"Art. 5472a. That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim.

"Art. 5472b. That no public official, when so notified in writing, shall pay all of said moneys, bonds or warrants, due said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction."

■ These statutes were in force when the respective building contracts between the school board and the construction company were made, and are yet in force. The provisions of said statutes entered into and became part of each building contract the same "as if they were expressly referred to, or incorporated in its terms." Winder Bros. v. Sterling, 118 Tex. 268, 12 S.W.(2d) 127, 128, 14 S.W.(2d) 802 and authorities there cited. With reference to the moneys, etc., due or to become due the construction company under each building contract, the company impliedly consented to the terms of the statutes, as constituting terms of the building contract, and thereby agreed, in effect, to sub-

ordinate the company's claim to the claims of those furnishing labor or material in furtherance of the work called for in said contract, and who complied with the terms of the statute first quoted above. Winder v. Sterling supra. Consequently the claims which subsequently came into being, for labor and material furnished in furtherance of the work under the particular contract, and which were fixed, in accordance with the statute, as "liens" on funds arising from said contract, became, by virtue of the terms of the contract, superior to the claim of the construction company. The construction company could not, by assigning to another its claim to said funds, discharge the claim of the restrictions provided in the contract from which the claim arose. In the hands of the assignee, the assigned claim remained subject to the terms of the contract which gave laborers and materialmen a potential right to appropriate to the payment of their claims the retained funds which pertain to the particular building contract in furtherance of which the labor or material was furnished.

Before leaving this subject, it may be well to notice the case of Harris County v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467, followed in Clark v. Gillespie, 70 Tex. 513, 8 S. W. 121, and upon which the insurance company so confidently relies. In those cases article 3176 of the Revised Statutes of 1879, was in material respects of the same import as the statute under consideration here, except that the former statute was not limited in application, by its terms, to contracts for public improvements. In the cases cited, it was held, in effect, that an assignment by the original contractor, of his claim to retained funds which arose from the contract for the construction of public improvements for a county, of which assignment the county had notice prior to receiving notice of the materialman's claim, had effect to give the assignee a prior right to the assigned funds, as against the materialman. We are not sure that such holding is reconcilable with the well-established principle upon which the ruling in Winder v. Sterling is based, and which controls our decision in the present case.

■■ With reference to the Cameron & Co. claim, the insurance company, in paying that claim was but discharging its liability as surety for its payment. The insurance company therefore acquired, by subrogation, the same right to fix a lien on funds in the hands of the school board as Cameron & Co. possessed. The fact that no notice of the claim was given to the school board before this suit was commenced is not an important consideration. As regards retained funds in the hands of a municipality, the statute (article 5472a) prescribes no limitation as to the time of giving notice of a claim to the municipality. The statute does provide, however, that

such notice shall be "in writing." There is no reason in the present case to justify a conclusion that notice to the school board of the claim of the insurance company, as successor in right to Cameron & Co., should not be·as effectual, if given in the written pleadings of the insurance company in the case, as if similar notice had been given by Cameron & Co. to the school board, by a written document, immediately after the construction work under the building contracts was completed. Likewise the pleadings of any other lien claimant may, upon another trial, be taken into consideration in determining the sufficiency of notice to the school board of a given claim, regardless of whether the school board was sufficiently notified of such claim prior to this suit or not. The several liens for labor and material, including those of the insurance company respecting the Cameron & Co. and Lydick Company claims, which have already attached, or which may before another trial become properly attached, to a particular fund involved herein, are and will be on an equal footing and occupy a common status. There is nothing in the statute to indicate a distinction in rank between liens which attach to the same fund. Moreover, it appears that no equitable ground for such distinction exists in this case.' All funds retained by the school board remain intact just as they existed before the required notice was given to the board by any of the claimants. There is therefore no question involved respecting priority, as between the several lienholders, on account of diligence in the matter of fixing any of the liens on the retained funds.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals, reversing that of the district court, is affirmed, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.