## ÆTNA CASUALTY & SURETY CO. v. HIGGINBOTHAM–BARTLETT CO. et al.
### No. 4176.

Court of Civil Appeals of Texas. Amarillo.
March 19, 1934.

Rehearing Denied May 21, 1934.

Lawther, Cox & Cramer, of Dallas, and Wilson, Randal & Kilpatrick, of Lubbock, for appellant.

Lockhart & Brown, of Lubbock, for appellees.

JACKSON, Justice.

On December 27, 1930, the Goodland Consolidated School District No. 7 of Bailey County contracted with J. G. Biffle to furnish the labor and material and construct in the town of Goodland a school building for a consideration of $20,225. The contract, among other things, stipulated ·that the school district should pay J. G. Biffle, the contractor, on the first of each month, 85 per cent. of the contract price of the labor and material then utilized, and retain 15 per cent. thereof until final payment, which was to be made on the completion of the building and satisfactory evidence showing that all bills for labor and material and other expenses pertaining to the building had been paid.

In compliance with article 5160, R. ·C. S.,

as amended by Acts 1929, c. 226, § 1 (Vernon's Ann. Civ. St. art. 5160), the contractor executed to the school district his bond in the sum of $20,225 with the Ætna Casualty & Surety Company as his surety thereon.

The contractor purchased from, and was furnished by, the appellee Higginbotham-Bartlett Company, material for the erection of said building, the items of which aggregated the sum of $7,811.55. On January 19, 1931, the appellee delivered to the contractor the first material it furnished, and on April 17th thereafter it filed with the county clerk of Bailey county an itemized, verified account covering the material furnished to April 16th, and on May 21st thereafter filed with said clerk an itemized, verified account of the material furnished after April 16th. The two accounts disclose a claim on May 21st for a balance of $6,664.22, and appellee, on May 22d, gave the school district notice in writing of said claims. On May 21st, the date the school building was completed, the school district had $6,414.62, which was a part of the 15 per cent. of the price retained under the provisions of the contract.

In December, 1931, the appellee instituted this suit in the district court of Lubbock county against the school district, the contractor, and his surety Ætna Casualty & Surety Company, to recover the balance claimed, as evidenced by said two itemized accounts, a ·copy of each of which is attached to and made part of its petition.

In August, 1931, the contractor and his surety executed a bond in the sum of $18,000 in conformity with article 5472b—1 (Vernon's Ann. Civ. St.), and the school district by virtue thereof paid to the surety company $6,-200. No notice of the execution of said bond and the payment of said sum of money to the surety company was ever given to appellee.

On February 27, 1933, the appellee filed an amended petition and, in addition to the allegations in its ·original petition, pleaded that at the time J. G. Biffle contracted to purchase, and it agreed to sell him, the material for the building, there was no banking facilities in or near the town of Goodland, and at the request of the contractor it agreed that he could deposit with appellee the payments received by him for work and material while the building was under construction and he should be permitted to draw the money so deposited to pay labor and other expenses. That appellee would hold the money subject to the contractor's order and not apply any of it to the payment of its ac-

count for material until the building was completed, at which time any balance on deposit with it would be credited on its material account and the balance due thereon would be paid in cash. That in compliance with this agreement, the contractor deposited with appellee $13,516.47, and drew out $10,825 of said amount, alleging dates and amounts of the deposits and dates and amounts of the items withdrawn. That the first itemized, verified account filed with the clerk incorrectly shows but $2,601.74 due for material, for the reason that the agent of appellee erroneously applied money on deposit with it to the credit of the contractor, as a payment on appellee's account for material. That after the first of said accounts was filed, the contractor withdrew from his said deposit the sum of $3,144.07 in cash, and this, together with the additional material furnished after April 16th, left a balance of $6,664.-21 due for material.

In its amended petition appellee also alleged that if it was not entitled to recover against the surety company on the bond for $20,225, then it asserted in the alternative it should be allowed to recover against said company on the $18,000 bond, and pleaded the facts and circumstances which it claimed constituted its cause of action on said last named bond.

Personal service could not be had on J. G. Biffle, the contractor, and on proper affidavit filed by appellee, service was secured by publication, and Dennis B. Patton, as attorney ad litem, answered for the contractor, pleading a general demurrer and general denial.

The Ætna Casualty & Surety Company, by a second amended original answer, urged numerous exceptions which, in effect, are but general demurrers, to appellee's petition, pleaded general denial, the two years' statute of limitation, that appellee's account for material had been paid by the contractor, that the balance claimed as shown by the itemized accounts was not for material, but for money advanced; that the contractor had, at the time it became surety on the first bond, assigned to it any unpaid balance of the contract price in the hands of the school district; that in no event, according to said itemized accounts, was appellee entitled to more than $1,491.50, but that on the receipt of the $6,200 from the school district, appellant had tendered appellee the sum of $2,500 in satisfaction of its claim, which was refused; that out of said $6,200 the appellant had paid other valid claims against the contractor, aggregating $2,180, had incurred certain expenses amounting to $378.79, and after discharging said claims and expenses, it had on hand $3,636.56, which sum, after the satisfaction of appellee's said claim for $1,491.50, will be required for the payment of attorney's fees, expenses, and costs of court necessitated by this suit.

The school district answered in effect adopting the answer of appellant.

In response to the only issue submitted, the jury found, in substance, that the material furnished by the appellee was used in the construction of the school building. On this finding judgment was rendered for appellee against appellant for $7,299.55 principal and interest, and in favor of the school district against appellee. No personal judgment was rendered against the contractor, since he was cited by publication, and no execution allowed against him, "the judgment against said J. G. Biffle being in rem."

The appellant complains of the action of the court in overruling its demurrers, because the itemized account sued on shows the claim was for cash drawn by the contractor from appellee and not for material furnished to him; urges as error the admission of oral testimony to explain said accounts which are admittedly incorrect, and in refusing to direct a verdict in its behalf, since under the facts and the law no judgment in favor of appellee was warranted.

It may be conceded that for any money furnished by appellee to the contractor, the appellant as surety was not, under the provisions of the bond, liable.

On the trial it was agreed between the parties that the verified, itemized accounts were filed by appellee in the office of the county clerk of Bailey county on April 17, 1931, and May 21, 1931, respectively, and were duly recorded in the Mechanics' & Materialmen's Lien Records, duly indexed, and "set out the dates upon which the Higginbotham-Bartlett Company delivered the material to J. G. Biffle and the amount of material delivered and the prices charged therefor." The first account filed shows that appellee had received from the contractor "by cash" $12,602.46, and paid out for him in "cash drawn" $8,-311.05. Hence appellee on that date had remaining of the cash received from the contractor $4,291.41. Said account also discloses that appellee had furnished the contractor with material amounting to $7,035.06, less a credit for material returned of $142.45, leaving a net balance of $6,893.15 for material. Deducting the $4,291.41 from this net ac-

count, we have the sum of $2,601.74, and in our opinion the account shows said unpaid amount to be the balance due for material.

■ Should this interpretation be erroneous, then the account is uncertain, subject to two constructions and ambiguous, and oral testimony was admissible to remove the ambiguity. 17 Tex. Jur. 864, § 392, and authorities cited.

The second account filed contains the items of material furnished after April 16th, and after crediting said account with material, returned, shows a net balance of $918.40 due for material. It contains none of the items for material covered by the first account, but shows the balance thereon to be approximately $2,601.74. The two accounts disclose an unpaid balance due for material amounting to $3,520.14. This second account does not contain any item of money received by appellee from the contractor, but does disclose that appellee after filing its first account paid out in cash for the contractor the sum of $3,144.07. This sum was included in the judgment rendered against appellant on the allegation and proof by appellee that by mistake or error said sum had been credited on the first account in payment of material.

The appellee as against J. G. Biffle, the contractor, was entitled to have such error corrected, since under the undisputed proof he was liable for the amount sued for. The verified accounts were only prima facie evidence of the statements therein contained and as against the contractor, if pleaded, would not have constituted an estoppel. D. S. Dodson, Adm'r, v. F. M. Watson, 110 Tex. 355, 220 S. W. 771, 11 A. L. R. 583; Fox v. Sturn, 21 Tex. 407; 11 A. L. R. Annotations 586, 597.

This principle, however, cannot prevail against the appellant, who was surety on the contractor's bond.

Article 5160, R. C. S., with the amendment thereto (Vernon's Ann. Civ. St. art. 5160), in part provides that "any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school. districts" shall furnish bond providing that the "contractor shall promptly make payments to all persons supplying him" with material in performing such contract. "Any person, company, or corporation who has furnished * * * materials used in the construction * * * of any public building * * * and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the State or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. * * * Provided further, that all claims for labor and material furnished to said contractor * * * shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work."

In Employers' Liability Assurance Corporation v. Young County L. Co., 64 S.W.(2d) 339, 344, Judge Smedley, writing the opinion for the Supreme Court in answer to a certified question, says:

"It is well settled by a number of decisions construing article 5160 as amended in 1927 that no recovery may be had on the bond without the filing of the itemized and sworn statement with the county clerk within the specified time. See American Surety Company of New York v. Axtell Company, 120 Tex. 166, 36 S.W.(2d) 715; Ætna Casualty & Surety Company v. Woodward (Tex. Com. App.) 36 S.W.(2d) 721; Id. (Tex. Com. App.) 41 S.W.(2d) 674; American Surety Company v. Alamo Iron Works (Tex. Com. App.) 36 S.W.(2d) 714; Fidelity & Deposit Co. of Md. v. Prassel Sash & Door Co. (Tex. Civ. App.) 24 S.W.(2d) 539 (application for writ of error refused).

"There are also a number of decisions holding that one who has furnished material or performed labor after the effective date of the 1929 amendment cannot recover on the contractor's bond given under article 5160 as so amended unless he has filed the itemized sworn statement within the ninety days. Among such decisions are the following: Standard Sanitary Manufacturing Co. v. Southern Surety Company of New York (Tex. Civ. App.) 59 S.W.(2d) 291, 292, application for writ of error refused; Pearson Lumber Company v. Cooper (Tex. Civ. App.) 54 S.W.(2d) 231, application for writ of error refused; C. A. Dunham Company v. McKee (Tex. Civ. App.) 57 S.W.(2d) 1132, application for writ of error refused; Hardin v. McCarthy (Tex. Civ. App.) 55 S.W.(2d) 1099, application for writ of error dismissed; Texas Company v. Schriewer (Tex. Civ. App.)

38 S.W.(2d) 141, affirmed on other grounds, Smith v. Texas Company (Tex. Com. App.) 53 S.W.(2d) 774.

"In deciding this question, the court, in the case of Standard Sanitary Manufacturing Company v. Southern Surety Company of New York, above cited, said: 'Under the last quoted provision of the above act we think it a necessary prerequisite to a recovery on a bond given in compliance with the terms of said act, by one who has furnished materials used in the construction of such public improvements, that an itemized sworn statement of such account be filed with the county clerk within ninety days from the date of the delivery of such materials.' "

The first account filed April 17, 1931, was within the ninety days prescribed and disclosed an unpaid balance of $2,601.74 due for material. The second account filed May 21st thereafter correctly shows the items of material furnished after April 16th, aggregating $918.40. It contains none of the items in the first account, but brings forward the balance thereof, $2,601.74. The accounts fixed the liability on the surety under the bond executed in compliance with article 5160 as amended by the 41st Legislature (Vernon's Ann. Civ. St. art. 5160). The liability so fixed was for the two unpaid amounts for material disclosed in said accounts, the aggregate of which is $3,520.14. Appellee could not by its amended petition filed February 27, 1933, correct these accounts so as to include the additional sum of $3,144.07 and make appellant liable therefor.

Article 5160 requires that a claim for material furnished to a contractor "shall be itemized and sworn to as required by Statutes as to mechanic's lien claims" and filed with the county clerk in ninety days "from the date of the delivery of said material."

Subdivisions 2 and 3 of article 5453 provide the manner by which a person who furnishes material to a contractor may fix his materialman's lien.

In construing the last-named article, Chief Justice Cureton, in Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1063, 1064, uses this language: "The evident purpose of the statute here involved is to provide the owner of the property with such particulars as will enable him to ascertain whether or not the account is correct, and show the facts necessary to the establishment of a lien, not only for the benefit of the owner, but of third parties as well, who may be or might become interested or affected thereby. To accomplish these purposes the account must show the facts required by the statute to establish the lien. Unless the affidavit and account are sufficiently definite to show that labor has been performed, *that a sum certain is due therefor*, and the date when due, it is insufficient to accomplish the purpose of the statute to show and fix a lien." (Italics ours).

In the instant case the "sum certain" for material furnished, as shown by the accounts, was $3,520.14.

Article 5472b—1 provides for the giving of a bond for the release of liens fixed or attempted to be fixed under article 5472a, and section 2 thereof stipulates, in part: "At any time within six months from the date of filing of said surety bond, the party making or holding such claim or claims may sue upon such bond, but no action shall be brought on such bond after the expiration of such period."

The release bond on which appellee seeks in the alternative to recover, as indicated by the record, was filed August 1, 1931. The amended petition in which recovery was sought on the release bond was not filed until February 27, 1933. Article 5472b—1 requires that the proper official shall send by registered mail an exact copy of such release bond to all claimants, but the limitation period begins on the date of filing the bond and not on the date notice is received. The failure of appellee to receive notice of the filing of said release bond or to learn thereof did not extend the limitation period, since the evidence fails to show that the failure to give such notice was fraudulent. 28 Tex. Jur. 144, § 61, and authorities cited.

The release bond, on which appellee seeks in the alternative to recover, is a distinct and separate transaction from the building bond on which recovery is primarily sought, and each bond is the basis for an essentially different cause of action. San Antonio Traction Co. v. White, 94 Tex. 468, 61 S. W. 706.

Appellee was not entitled to recover on the release bond as a common-law bond. Standard Sanitary Mfg. Co. v. Southern Surety Co. of New York (Tex. Civ. App.) 59 S.W.(2d) 291.

Appellant's contention, that the evidence is insufficient to warrant the finding of the jury that the material furnished by the appellee was used by the contractor in the school building erected in Goodland, is without merit.

No recovery was sought by the appellant against the contractor, and the appel-

lee was entitled to a judgment against appellant under the allegation and proof that the contractor, the principal on the bond, was secreting himself, evading service and a transient person. Article 2088, R. C. S.

The judgment is reformed and here rendered that appellee have and recover from the appellant the sum of $3,520.14, with interest thereon at the rate of 6 per cent. per annum from August 1, 1931, and as so reformed is affirmed.