**MASSACHUSETTS BONDING & INS. CO. et al. v. CITY OF GRAPELAND et al.**

No. 11122.

Court of Civil Appeals of Texas. Galveston.

Feb. 20, 1941.

Rehearings Denied March 20, 1941.

'Chrestman, Brundidge, Fountain, Elliott & Bateman and L. E. Elliott, all of Dallas, for appellant Massachusetts Bonding & Ins. Co.

C. W. Kennedy, Jr., of Crockett, for appellee and cross-appellant Grapeland State Bank of Grapeland.

F. P. Granberry, of Crockett, for appellee and cross-appellant Farmers & Merchants State Bank of Grapeland.

Adams & Morgan, of Crockett, and J. E. Wheat, of Woodville, for appellee Citizens State Bank of Corrigan.

Wheeler, Atchley & Vance, of Texarkana, for appellee W. S. Dickey Clay Mfg. Co.

MONTEITH, Chief Justice.

This action was brought by appellant, Massachusetts Bonding & Insurance Company, against appellees, H. M. Lowe, trading as Lowe 'Construction Company, the City of Grapeland, the Citizens State Bank of Corrigan, appellees and cross-appellants, Grapeland State Bank of Grapeland, Farmers and Merchants State Bank of Grapeland, and a number of materialmen, laborers and claimants, for compensation and damages growing out of the construction of a sewer system for the City of Grapeland, under a contract between the City and said Construction Company, dated December 5, 1938.

On December 6, 1938, appellant Massachusetts Bonding & Insurance Company, herein called "Surety Company", executed a bond for the contractor required under R.S. Article 5160, Vernon's Ann.Civ.St. art. 5160, and obtained from him an assignment of the funds to become due him under said contract as security for its undertaking.

The three banks above referred to, herein called "Corrigan Bank", "Grapeland Bank" and "Farmers & Merchants Bank", had loaned the contractor certain funds to be used by him in the construction of said sewer system. A portion of these funds had been repaid under contractor's assignments. The amount due the Corrigan Bank, $6,000, had been repaid in full. A balance was still due both the Grapeland Bank and the Farmers & Merchants Bank due to the failure of the contractor to pay his bills for material and labor furnished. The surety company advanced the necessary funds for the completion of the job and took assignments of the rights of the various laborers and materialmen for the funds so advanced.

When the job was accepted by the city in June, 1939, there was a balance due the contractor of $7,625.29, which included the amount of $4,241 which had been retained out of payments due him by the city under the terms of said contract. Claims of materialmen and laborers who had established their liens against the funds in the hands of the city under Vernon's Ann.Civ. St., Article 5472a, but who had not complied with the provisions of R.S., Article 5160, aggregating the amount of $11,834.50, were proved upon the trial of the case. Claims of materialmen and laborers who had complied with the terms of R.S., Article 5160, in the amount of $2,812.16, were

also proved upon the trial as claims against appellant surety company, on its bond.

The trial court accepted the city's tender into the registry of the court of the funds due the contractor in its possession and allowed it a fee as stakeholder.

In a trial before the court without a jury the court rendered the following judgment:

"1. All materialmen whose claims were not otherwise specifically disposed of by the judgment were dismissed.

"2. The City was discharged on its tender of $7,625.29 into the registry of the Court and allowed a fee as stakeholder.

"3. Eight materialmen were allowed recoveries against the Surety on its bond for an aggregate of $2,812.16, but denied participation in the funds in the registry of the Court.

"4. Sixteen other claims aggregating $9,022.43 were allowed participation in the fund in the registry of the Court.

"5. The Surety was denied relief against the Banks.

"6. The claim of Federal Underwriters for insurance premiums, the Grapeland Banks for money loaned, the Railway Company for Freight, the United States for Social Security Taxes, and Texas Power and Light Company for property damage were denied, both as against the fund and the Surety.

"7. All parties had judgment against Contractor for their respective claims, or the balance thereof, after application of their respective recoveries against the fund in court."

No findings of fact were requested by any of the parties to the suit and none were filed by the trial court.

This appeal involves the construction of Vernon's Ann.Civ.St. arts. 5160, 5472a, 5472b. The controlling questions presented are: (1) Whether the materialmen and laborers who had, prior to the trial, established their claims against the contractor under the surety company's bond in accordance with said Article 5160 and who were awarded judgment against the surety company for the full amount of their claims, should have been required, instead, to participate proportionally in the funds in the registry of the court with those materialmen and laborers who had not complied with said Article 5160, but who had established their liens against said funds by

complying with said Article 5472a and who were awarded judgment for only their proportional part of said fund; and (2) whether judgment should have been rendered against said three banks for the restoration of funds paid them on contractor's assignments in an amount sufficient to pay all claims due materialmen and laborers under said contract.

Article 5160, R.S.1925, provides that a contractor before commencing the construction of any public work for the state or a subdivision thereof or for a municipality shall execute the usual penal bond with the additional obligation that the contractor shall promptly make payments to all persons supplying him with labor and material in the prosecution of the work. It further provides that all claims for labor and material furnished to any contractor shall be itemized and sworn to and shall be filed with the county clerk of the county in which the work is being prosecuted, within ninety days after the delivery of the material and the performance of the work, and further, "that after completion and acceptance of completed project all moneys due contractor under said contract shall be held by the State * * * or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has [have] been paid in full by the contractor."

Article 5472a, R.S.1925, provides that any person furnishing material or labor to any contractor for any public improvement shall have a lien on the moneys due or to become due to said contractor for such improvement, provided: "Such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim."

Article 5472b, R.S.1925, provides: "That no public official, when so notified in writing, shall pay all of said moneys, bonds or warrants, due to said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction."

The terms and provisions of said Articles 5160, 5472a and 5472b are plain and unequivocal. They indicate a legislative intent to protect all persons supplying a

contractor for public improvements with labor and material in the payment of their claims.

Said Article 5160 provides for the procuring of a bond by the contractor and limits the obligation of the surety therein to the payment of claims for material and labor used in the construction to the claims of such laborers and materialmen who have filed their itemized and verified claims with the county clerk within ninety days after the labor is performed or the material furnished. Aetna Casualty & Surety Company v. Woodward, Tex.Com.App., 36 S.W. 2d 721; Aetna Casualty & Surety Co. v. Hawn Lumber Co. et al., 128 Tex. 296, 97 S.W.2d 460.

Said Articles 5472a and 5472b provide for a lien on funds due or to become due a contractor for labor and material furnished where prior written notice of such claims has been given the proper officials in accordance with the provisions of said statutes. Metropolitan Casualty Ins. Co. v. Cheaney, Tex.Com.App., 55 S.W.2d 554; Aetna Casualty & Surety Co. v. Woodward, Tex.Com.App., 36 S.W.2d 721; Aetna Casualty & Surety Co. v. Hawn Lumber Co. et al., 128 Tex. 296, 97 S.W.2d 460.

Under his contract with the city the contractor obligated himself to pay all costs, charges, rentals and expenses for labor, material, supplies and equipment furnished him in the construction of said sewer system.

The performance bond executed by appellant surety company was in the penal sum of $41,852.88. It provided that if the contractor "shall fail to duly pay for any labor, material, team hire, sustenance, provisions, provender or any other material or supplies used or consumed by such contractor * * * in performance of the work contracted to be done, the surety will pay the same in any amount not exceeding the sum specified in the bond together with interest as provided by law."

■ The provisions of above statutes, while not embodied in the contract between the City of Grapeland and the Lowe Construction Company in express terms, are read into said contract the same as if they were expressly referred to or incorporated in its terms. Metropolitan Casualty Co. v. Cheaney, Tex.Com.App., 55 S.W.2d 554; Winder Bros. v. Sterling, 118 Tex. 268, 12 S.W.2d 127, 14 S.W.2d 802.

■ As stated in the case of Metropolitan Casualty Co. v. Cheaney, supra, [55 S. W.2d 556], "With reference to the moneys, etc., due or to become due the construction company under each building contract, the company impliedly consented to the terms of the statutes, as constituting terms of the building contract, and thereby agreed, in effect, to subordinate the company's claim to the claims of those furnishing labor or material in furtherance of the work called for in said contract, and who complied with the terms of the statute first quoted above." It follows that appellant surety company impliedly consented and agreed to pay in full the claims of those furnishing labor and material in furtherance of the work called for in said contract who had complied with the terms of said Article 5160 by filing their itemized claims with the county clerk within ninety days after said labor and material had been furnished.

■ The court found on sufficient evidence that eight materialmen who were allowed recovery against appellant surety company on its bond for an aggregate of $2,812.16 had proved up their claims, as secured liens, in accordance with said Article 5160, and that sixteen other claimants whose claims aggregated $9,022.43 and who were allowed to participate in the fund in the registry of the court had furnished labor or material actually used in the construction of the work involved and had notified the officials of the City of Grapeland, in compliance with Article 5472a, and that each of said claimants had a lien on the funds in the registry of the court. Under the above authorities the judgment of the trial court in these respects must be sustained.

■ Appellant, surety company, assigns error in the action of the trial court in denying it recovery against the Citizens State Bank of Corrigan, the Grapeland State Bank, and the Farmers and Merchants State Bank of Grapeland, for the restoration of funds paid them on contractor's assignments in an amount sufficient to pay all claims due materialmen and laborers under said contract.

The contract between the City of Grapeland and the contractor of December 5, 1938, contained the following provision: "The contractor shall not assign this contract or any part thereof, or any moneys due or to become due thereunder, without the approval of the owner, nor without the con-

sent of the surety unless the surety has waived its right to notice of assignment."

The application for the bond which was signed by the contractor contained an agreement "to assign, transfer, set-over, and does or do hereby assign, transfer, set-over to the company as collateral to secure the obligations herein. * * * Such assignment to become effective as of the date of said contract-bond but only in the event of * * * (2) any breach of the agreement herein contained; or (3) of a default in discharging such other indebtedness or liabilities when due * * * (d) any and all sums that may be due under said contract at the time of such abandonment, forfeiture or breach, or that thereafter may become due."

The record shows that the following payments were made by the City of Grapeland to said three banks, under assignments from the contractor: To the Citizens State Bank of Corrigan, the sum of $6,000, on March 18, 1939; to the Farmers & Merchants State Bank, the sum of $1,581.90, on May 16, 1939, and to the Grapeland State Bank, the sum of $3,903.45, on May 17, 1939. These payments were made by the city out of funds due the contractor for work done, under approved estimates, and did not include any part of the percentages which were due the contractor and retained under the terms of said contract.

On the dates the above payments were made, neither the city nor said banks had any notice of the assignment by the contractor to the surety company or of a breach or forfeiture on the part of the contractor to perform under the contract. Further, the record shows that each of said assignments were made to the respective banks to secure and repay funds that had been used in the construction of said sewerage system under said contract.

The question as to whether recovery may be had under an assignment given under a similar state of facts was decided by the Supreme Court of this state in the case of Reef v. Mills Novelty Co., 126 Tex. 380, 89 S.W.2d 210, 211. The court in its opinion says: "The precise question we are called on to decide is whether or not the parties to a contract may, by agreement, render unassignable a money claim arising under the contract. Of course the parties cannot, by such an agreement, remove the debt beyond the reach of our garnishment statutes or any other applicable statute; but no reason occurs for denying to the parties the right, so long as no statute is infringed, to bind themselves to each other as they see fit, with respect to obligations imposed by the contract. In such a case a money claim growing out of the contract, which comes to the hands of a third person, remains subject to the terms of the contract. When the debtor has the contract right to ignore a voluntary transfer of the claim, as in the instant case, no effective transfer can be made without his consent. His contract right must be respected by third persons. In other jurisdictions where the precise question has arisen, the contract right of the debtor in this respect has been enforced, and no decision to the contrary has been found. Tabler v. Sheffield Land, etc., Co., 79 Ala. 377, 58 Am.Rep. 593; Barringer v. Bes Line Const. Co., 23 Okl. 131, 99 P. 775, 21 L.R.A.(N.S.), 597. 2 R. C.L. p. 604. The argument that public policy forbids such a contract right is without support in reason or authority. The right concerns the performance of the debtor's obligation to pay. The public is in nowise affected."

Since the contract in question expressly provides that no assignments could be made without the approval of the owner and no such approval was given, said assignment under above authority was ineffective.

■ Appellants Grapeland State Bank and Farmers & Merchants State Bank contend that the contractor, being indebted to them for funds advanced and used in the performance of said contract, having given assignments of the funds due and to become due him by the city and they and the city having accepted said assignments, they had a superior right to all funds in the registry of the court except the percentages retained by the city under said contract. This contention cannot be sustained.

Vernon's Ann.Civ.St., Article 5472a, provides, in plain and positive terms that "any person, firm or corporation * * * furnishing any material * * * or labor to any contractor for any public improvements in this State, shall have a lien on the moneys * * * due or to become due to such contractors for such improvements.

■ Our courts have uniformly held that assigned claims to funds due or to become due for the construction of any public work are subject to the terms of the contract on which they are based and the statutes in force at the time of the execution of the contract, and that laborers and

materialmen have a lien on and a potential right to appropriate to the payment of their claims all retained funds due under said contract. Metropolitan Casualty Ins. Co. v. Cheaney, Tex.Com.App., 55 S.W.2d 554. In the instant case the retained funds in the registry of the court were not sufficient to meet the claims for the labor and material furnished which were proven up on the trial of the case.

Further, it is the established law in this state that an assignee of funds due or to become due for the construction of any public work acquires title to said funds only on the condition that no mechanic, artisan or materialman has performed labor or furnished material under circumstances or conditions which would entitle him or them to a lien against said funds. B. F. Brooks Construction Co. v. First State Bank of Marquez, Tex.Civ.App., 39 S.W.2d 83; Modern Plumbing Co. v. Armstrong Bros., Tex.Com.App., 36 S.W.2d 1011; American Employers' Ins. Co. v. Roddy, Tex.Com. App., 51 S.W.2d 280.

It follows that, under above authorities, the judgment of the trial court must be in all things affirmed. It is so ordered.

Affirmed.