714

Commission of Appeals of Texas, Section B.
March 18, 1931.

A. D. Dyess and Leon Jaworski, both of Houston, for appellant.

Stewart & DeLange, Baker, Botts, Parker & Garwood, Campbell, Myer, Campbell & Foster, Harry W. Freeman, Fogle, Eastham & Eastham, Fouts, Amerman, Patterson & Moore, H. L. Nicholson, Heidingsfelder & Kahn, Andrews, Streetman, Logue & Mobley, Wolters, Blanchard, Woodul & Pressler, Platt, West & Stevenson, and York & Neeld, all of Houston, A. Ludlow Calhoun and David E. O'Fiel, both of Beaumont, R. H. Holland, of Houston, and Llewellyn & Dougherty, of Liberty, for appellees.

SHORT, P. J.

The question of law involved in this case is substantially the same as that involved in American Surety Company v. Axtell Company, wherein this section of the commission answered certain certified questions propounded by the Court of Civil Appeals of the Seventh District. 36 S.W.(2d) 715. A brief statement of the pertinent facts is copied from the application for writ of error, as follows:

"The Dayton Independent School District, on July 27, 1927, entered into a written contract with Charles Dahl, contractor, for the construction and erection of certain school buildings, the provision whereof required said contractor to furnish all of the materials and perform all of the general work in accordance with certain drawings, plans and specifications, for the price and consideration of $86,415.44. Contemporaneous with the execution of said contract, the said contractor, as principal, and plaintiff in error, American Surety Company of New York, as surety, executed a bond, payable to the Dayton Independent School District in the sum of $43,-207.72, conditioned as required by Article 5160 of the Revised Civil Statutes of Texas, 1925. Before completing performance of his contract, Dahl, the contractor, because of certain financial difficulties, realized that he was unable to complete the building within the time limit, and although the contractor contended he had never abandoned the job, the same was brought to completion through the labor and assistance of the school board. The contract was completed during the month of April, 1928, and at this time there were certain materialmen who had claims against the contractor, Dahl, which had never been paid off or discharged. Among these was Alamo Iron Works, the original plaintiff in the trial court and one of the defendants in error herein, and shortly thereafter said Alamo Iron Works instituted suit against American Surety Company of New York, plaintiff in error, on the bond executed as surety for the contractor, Charles Dahl. Joined in this suit as co-defendants were Charles Dahl, the contractor, W. D. Krahl, Trustee in Bankruptcy of the estate of Charles Dahl, bankrupt, Dayton Independent School District, and a number of individuals, firms and corporations, alleged to have an interest in the suit by virtue of material furnished in the construction of the buildings. Practically all of the co-defendants cited by defendant Alamo Iron Works as having an interest in the suit by reason of materialmen's claims, filed pleas of intervention,—some filing both such a plea and an answer and cross-action against Charles Dahl, American Surety Company of New York and Dayton Independent School District.

"Plaintiff in error answered by way of general demurrer, special exceptions and general denial. Plaintiff's in error exceptions were levelled at the cross-bill and petitions of each intervenor as well as at the original plaintiff's petition, on the ground that the petitions of all of said parties were defective and stated no cause of action against plaintiff in error because each and all of said parties showed by their petition that they had failed to file itemized and sworn claims for material furnished with the contractor or with the County Clerk of the County in which said work was prosecuted within thirty days from the date of the delivery of said material as is required by article 5160 of the Revised Civil Statutes of Texas, 1925, as amended by Act of the 40th Legislature during its First Called Session.

"Upon the trial of the case, it was conceded and agreed by all of the materialmen and each of them that none had complied with

the provisions of the amendment above quoted insofar as same requires notice within thirty days from the date of the delivery of said material. Most of the materialmen, defendants in error herein, based their claims on material furnished after September 5, 1927, the effective date of the amendment above set out. A few of the materialmen, defendants in error herein, about four in number, based their claims on material furnished, in part prior to September 5, 1927, and in part subsequent to September 5, 1927. None of the materialmen, defendants in error herein, based their claims on material furnished entirely prior to September 5, 1927.

"The trial court rendered judgment in favor of the original plaintiff and each of the intervenors, defendants in error herein, for the full amount of their respective claims, from which judgment of the court an appeal was prosecuted by plaintiff in error herein.

"The Honorable Court of Civil Appeals affirmed the judgment of the trial court in all things and held that the amendment to Article 5160 of the Revised Civil Statutes of Texas, 1925, passed by the 40th Legislature during its First Called Session, and which said amendment became effective September 5, 1927, had no application to the rights of the materialmen, defendants in error herein, to the bond executed by plaintiff in error, although all of the material forming the basis of the materialmen's claims involved in this case were delivered after September 5, 1927."

From the judgment rendered by the Court of Civil Appeals in this case [29 S.W.(2d) 493], the plaintiff in error has successfully prosecuted a writ of error to the Supreme Court and submits, as a proposition under its first assignment of error, the following:

"Although a contract for the construction of a public building, together with a contractor's bond securing the faithful performance thereof, were executed prior to September 5, 1927, the amendment to Article 5160 of the Revised Civil Statutes of Texas, 1925, passed by the 40th Legislature during its First Called Session, and providing that no person, firm or corporation furnishing material for the construction of a public building shall be secured by a contractor's bond given in connection therewith unless said claims for material is itemized and sworn to by the owner or his authorized agent and filed with the contractor or with the county clerk of the county in which said work is being prosecuted within thirty days from the date of the delivery of said material and which became effective on September 5, 1927, is applicable to the claims of those materialmen who delivered the material forming the basis of their claim after the effective date of the amendment, to-wit: September 5, 1927."

We sustain the assignment, believing the proposition to state the law of the case. Having discussed the only question involved in this case in an opinion written in the case of American Surety Company v. Axtell Company, 36 S.W.(2d) 715, we pretermit any further discussion, preferring to adopt what we have said in that case as the law of this case. However, there are some material facts necessary for the trial court to determine in order to ascertain the relative rights and liabilities of the respective parties and the exact judgment which should be rendered, necessitating that the judgments of the Court of Civil Appeals and of the district court be reversed and that the case be remanded, and we so recommend.

CURETON, C. J.

Judgments of the Court of Civil Appeals and district court are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.