## O'CONNOR v. METROPOLITAN CASUALTY INS. CO. et al.

### No. 2779.

Court of Civil Appeals of Texas. El Paso.
Jan. 26, 1933.

Rehearing Denied Feb. 9, 1933.

Bond & Porter, of Terrell, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

### PELPHREY, C. J.

This suit was instituted January 15, 1931 by R. G. Davidson & Son against Eproson & Co. and the Metropolitan Casualty Insurance Company, to recover the sum of $2,985.63 for labor performed in the building of highway No. 15 in Dallas county, Tex.

Appellant intervened seeking to recover from the same defendants the sum of $3,882.- 72, which he claimed for labor performed on the same highway. It was agreed between the parties that Eproson & Co. entered into a contract with the state highway commission on May 14, 1929, to build the highway in question; that Eproson & Co. executed a bond for the faithful performance of their contract to the state highway commission with the Metropolitan Casualty Insurance Company as surety; that Eproson & Co. sublet certain of the work to Davidson & Son and James O'Connor, agreeing to pay them 18 cents per cubic yard for excavating, 3 cents per cubic yard for overhauls, $18 per acre for clearing, and $26 per acre for grubbing; that the state highway commission had a local engineer in charge who supervised and directed the work as it progressed; that O'Connor and Davidson & Son both completed the portion of the work allotted to them; that O'Connor excavated 54,345 yards of dirt that went into the roadway, cleared 3.55 acres of clearing, grubbed 3.55 acres of grubbing, and did 83.678 cubic yards of overhaul, amounting, under the prices agreed upon, to a total of $12,443.44; that each month, as the work progressed, the highway engineer furnished to Eproson & Co. and to the state highway commission an estimate of the amount of excavation, grubbing, clearing, and overhaul for the preceding month; that upon these estimates a total of $8,560.- 74 was paid to O'Connor; that these monthly estimates were not made from actual measurements on the ground, but were based upon the opinion of the engineer, and might have been more or might have been less than the actual amount of labor performed each month; that, after the road was completed, the engineer made actual measurements of the different kinds of work done, and furnished an estimate based thereon to Eproson & Co. and to the state highway commission; that it was part of the duty of O'Connor to keep up the part of the road built by him until the engineer in charge should make his final estimate and accept the road as completed; that O'Connor finished his portion of the work about April 23, 1930; that the engineer's final estimate on the road was made and the road accepted by the state on April 30, 1930; that thereafter, on May 6, 1930, the engineer made up an estimate as to the amount of work done by Davidson & Son and by O'Connor; that this estimate was the first practical means O'Connor had of knowing the amount of labor performed by him on the road; that the contractor and the subcontractor, as a practical matter, had to depend upon the engineer in charge to furnish the final estimate in order to know the exact amount of work done on the highway; that it would have been highly impracticable to have measured the work done by cross-sectioning after each week's or month's work

was completed; and that the final estimate shows that there was due O'Connor the sum of $3,882.70. Appellant was awarded a judgment against Eproson & Co., but was denied judgment against Metropolitan Casualty Insurance Company, and from that action of the court he has perfected his appeal.

### Opinion.

The trial court found in his findings of fact that O'Connor had a subcontract covering certain work; that he commenced said work about June 10, 1929, and finished it about April 23, 1930; that on August 1, 1930, he filed a claim with the county clerk of Dallas county showing a balance due of $3,882.70; that such claim was filed more than 90 days after the performance of the last item of labor therein set out; that such claim covered labor performed from December 26, 1929, to February 25, 1930, amounting to $2,097.29, and for labor performed from February 25, 1930, to April 23, 1930, amounting to $1,795.41.

Among the conclusions of law filed by the court, we find: "I conclude as a matter of law that the failure of James O'Connor to file an itemized, verified claim for his labor with the County Clerk of Dallas County, Texas, within ninety days from the performance of the last item of said labor precludes his recovery against said bond."

It thus appears that the court's refusal to award O'Connor a judgment against the surety was based upon the fact that he had not filed his claim in accordance with the provisions of article 5160, R. S.

Appellant's propositions are: (1) That article 5160, does not require a subcontractor, laborer, or materialman to file his claim within 90 days after the furnishing of labor or material in order to hold the surety; (2) that, where a contract on public work is a continuing one, and the contractor or laborer has no means of knowing the exact amount of labor performed, and has to depend entirely upon the engineer in charge to furnish him with a full and complete statement thereof on final completion of the contract, then the time within which to file his claim with the county clerk under the statute does not commence to run until such statement is furnished to him; and (3) that, where the contract is a continuing one and the contractor or laborer has to depend entirely upon the engineer in charge to furnish him a full and complete statement of the amount of labor performed by him, then the time specified by the statute does not commence to run until, by the use of reasonable diligence, such laborer or contractor could acquire and know the exact amount of labor performed by him.

■ Article 5160, Revised Statutes 1928 (Vernon's Ann. Civ. St. art. 5160, and note), reads:

"Any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the State or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the State or municipality, the remainder shall be distributed pro rata among said intervenors. *Provided further, that no person or persons, firm or corporation shall be secured in the payment of any claim contracted prior to the execution of the contract that said bond is given to secure, and provided further that all claims for labor shall be itemized and sworn to by the owner or his authorized agent and filed with the contractor or with the county clerk of the county in which said work is being prosecuted within thirty days from the date that said claim accrued and became payable, and all claims for material shall be itemized and sworn to by the owner or his authorized agent and filed with the contractor or with the county clerk of the county in which said work is being prosecuted within thirty days from the date of the delivery of said material; and any claim filed after said thirty days shall not be secured by said bond.*"

The Forty-First Legislature (1929), c. 226 (Vernon's Ann. Civ. St. art. 5160) amended the italicized portion of the article to read:

"Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work. The County Clerk shall note on the mechanic's lien record, the name of the claim-

ant, the amount claimed, the name of the contractor and the name of the county, school district, other subdivisions, or municipality with which the contract was made; and the County Clerk shall index the claim under the name of the contractor and under the name of the county, school district, other subdivisions or municipality with which the contract was made.

"Provided further that after completion and acceptance of completed project all moneys due contractor under said contract shall be held by the State or its counties or school districts or other subdivision thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has been paid in full by the contractor."

Appellant now argues that the Legislature, by omitting from the article the provision, "and any claim filed after said thirty days shall not be secured by said bond," intended that failure to file his claim within ninety days should not be a bar to a claimant's right to recover from the surety, but that the only reason for the present provision with reference to filing claims is to give to the creditors who file their claims within the ninety days the first right to the proceeds of the bond, in the event it is not sufficient to satisfy all claims. We cannot agree that such was the intention.

As admitted by appellant, under the article, before amended, there could be no recovery as against the surety unless the claim had been filed within the thirty-day period. American Surety Company v. Axtell Co., 120 Tex. 166, 36 S.W.(2d) 715; American Surety Company v. Alamo Iron Works (Tex. Com. App.) 36 S.W.(2d) 714; Aetna Casualty & Surety Company v. Woodward (Tex. Com. App.) 36 S.W.(2d) 721. A reading of those decisions will reveal that they were not based upon that portion of the statute which was omitted in the 1929 amendment, but were based upon the general provisions requiring the filing of claims.

We agree with appellee that the omitted portion was unnecessary in the article, and that the holding would have been the same in the absence of the provision.

The caption of the Act passed by the Forty-First Legislature, 1929 (chapter 226), reads:

"An Act to amend Article 5160 of the Revised Civil Statutes of 1925 as amended by the act of the 40th Legislature of 1927, First Called Session, page 114, Chapter 39, Section 1, providing more adequate and better regulations and provisions in connection with bonds where a person or persons, firm or corporation enter into a formal contract with this State, or its Counties, or school districts, or any other subdivision thereof; or any municipality therein, for the construction of any public building, or the prosecution and completion of any public work; prescribing what bonds shall be executed in connection therewith and the obligations they shall contain relative to making payments to all persons supplying labor and materials in connection with the contract; providing more particularly what debts shall be secured by said bonds and providing for filing claims under oath with the county clerk in the county in which said work is being prosecuted, *and fixing the time in which said claims must be filed in order to be secured by said bond. * * *"*

We think it apparent from this announcement of the purposes of the amendment, and the conclusion we have reached as to the omitted portion being superfluous, that the Legislature had no intention of relieving claimants from the necessity of filing their claims within ninety days in order to hold the surety.

We therefore conclude that appellant was not entitled to a judgment against the surety in the absence of a showing that he had filed his claim with the county clerk within ninety days after the labor was performed. Texas Company v. Schriewer (Tex. Civ. App.) 38 S. W.(2d) 141; Detroit Fidelity Co. v. Pippins et al. (Tex. Civ. App.) 47 S.W.(2d) 886; Detroit Fidelity & Surety Co. v. Moberly (Tex. Civ. App.) 52 S.W.(2d) 298.

▪ Appellant's second and third propositions are also untenable.

Conceding, as argued by appellant, that the nature of the work appellant was doing made it difficult for him to determine just the amount he had done, yet the duty rested upon him, if he wished to hold the surety, to file his claim within ninety days, and there is nothing in the statute which even suggests that it may be filed within ninety days from the making of the final estimate or that the time would not begin to run until the claimant could, by the use of reasonable diligence, know the exact amount of labor he had performed.

In this case, the final estimate was made by the engineer and the work accepted on April 30th. Granting that, by reason of appellant's contract to keep the work dragged off, the shoulders built up, the low places filled, and to keep the finishing work up until the road was accepted, his work was not performed until the road was accepted, yet we find that his claim was not filed until August 1st, more than ninety days after the road was accepted.

We find no error in the court's action in refusing appellant a recovery against the surety, and the judgment is affirmed.