**C. A. DUNHAM CO. v. McKEE et al.**

No. 2804.

Court of Civil Appeals of Texas. El Paso.
March 2, 1933.

Rehearing Denied March 23, 1933.

Leo. L. Heisel, of El Paso, for appellant.

Breedlove Smith, O. R. Armstrong, and Leo Jaffe, all of El Paso, for appellee.

PELPHREY, Chief Justice.

On August 22, 1929, the board of trustees of the El Paso independent school district awarded R. E. McKee, a contractor of El Paso, Tex., the contract to build a public school building in El Paso, Tex. A written contract was entered into in which the contractor was required to furnish a bond for $27,000 conditioned for the faithful performance of his contract, and that he should promptly pay for all labor and material furnished, either to him or to any subcontractors. Thereafter McKee made a contract with Elliott Engineering Company to do a part of the work on the building.

Appellant, on December 5, 1929, sold to Elliott Engineering Company material in the sum of $788.08.

The building was completed by McKee and accepted by the board of trustees, and on or about the 5th day of February, 1930, the board of trustees paid to McKee the remainder of the contract price thereon.

On January 25, 1931, appellant filed with

the board of trustees a certified copy of its claim against the Elliott Engineering Company, and thereupon the board of trustees furnished appellant a certified copy of the contract and bond.

Appellant, on February 3, 1931, filed this suit against Elliott Engineering Company, R. E. McKee, and the board of trustees, seeking to recover jointly and severally from them the amount of its claim.

In its petition appellant set out the provision of the contract, between McKee and the board of trustees, relative to the execution of a bond by McKee, and attached to and made a part of its petition the said contract and the bond executed by McKee.

The basis of its recovery against McKee was then alleged as follows: "That under and by virtue of said contract and bond, the said R. E. McKee, Contractor, became bound and obligated to promptly pay for all labor and material used in or furnished for such work, whether furnished to the contractor or subcontractors, if any, in accordance with the plans and specifications for said building."

It then alleged its contract with Elliott Engineering Company and the furnishing to it of the material, which was followed with the further allegation:

"That on or about the 5th day of February, 1930, after the completion and acceptance of said Zavala School Building, under the terms and conditions of said contract, the said owners paid to said contractor, all moneys due, including the 15% agreed to be retained under the terms of said contract; that at the time of the final settlement no satisfactory evidence was submitted and no affidavits made by the contractor, that all just bills for labor and materials furnished under the terms of the above contract, whether furnished to the contractor or subcontractors, had been paid in full as provided by Article 5160 of the Revised Statutes of Texas, as amended."

"8. That by reason of the failure of the Owner to hold said 15% as provided for in said contract, as provided for in said Article 5160, of the Revised Statutes of Texas, plaintiffs were damaged in that the sub-contractor failed and refused to pay for the goods, wares and materials furnished it, which goods, wares and materials were used in the construction of said Zavalla School Building under the terms and specifications as above set forth."

Appellant also alleged the insolvency of the Elliott Engineering Company.

The petition then concludes with the following allegation: "That no part of said sum of $788.08 has been paid by the Owners, Contractors or sub-contractors and that there is due and owing from said defendants, jointly and severally, to the plaintiff, under the terms and conditions of said Contract, and under and by virtue of the Owners having paid to the said Contractor, the full amount of the Contract price without having received proper evidence of the payment for such materials, the full sum of $788.08, interest and costs of suit; that payment thereof has often been demanded and the same is long past due; that attached to the original petition is a fully itemized and verified statement of the account, to which reference is hereby made."

R. E. McKee answered by general demurrer and general denial, and specially excepted to appellant's petition because its claim was not recorded with the county clerk of El Paso county within ninety days from the date of the delivery of the material as required by article 5160, R. S. (as amended by Acts 1929, c. 226, § 1 [Vernon's Ann. Civ. St. art. 5160]). He further pleaded the one-year statute of limitations.

The board of trustees demurred generally to the petition and generally denied the allegations thereof.

It further specially excepted thereto on the ground that suit was based upon a contract between appellant and the Elliott Engineering Company; that the petition showed upon its face that no privity of contract existed between appellant and the board; that, if any cause of action was shown, it was based on tort for which appellant had no legal right to sue; that appellant, by failing to comply with the provisions of article 5160, as amended, was estopped to complain of the board's neglect in securing from the contractor satisfactory evidence or affidavits that all labor and material had been paid for.

The cause was tried before the court, who, upon appellant's motion, filed findings of fact and conclusions of law.

The trial court's conclusions of law read:

"1. The obligation of the contractor to pay for material furnished to sub-contractors on a public work arises solely by virtue of the bond required by Article 5160. To recover on the bond the materialman must comply with the statutory conditions, by filing the itemized statement with the County Clerk as required by Article 5160, as amended, the Acts of 1929, Forty-first Legislature. (See Texas Company v. Schriewer [Tex. Civ. App.] 38 S.W.(2d) 141)."

"2. An Independent School District, after the completion and acceptance of a school building, paying the contractor the amount remaining due thereon, without requiring affidavit of the contractor and satisfactory evidence that all just bills for labor and material has been paid, is not liable to one furnishing material to a sub-contractor who files his claim with the Board long subsequent to such unwarranted payment."

"3. The bond is not released as to a materialman by an unwarranted payment by the Board to the contractor."

This appeal has been prosecuted from the judgment denying appellant any recovery against either McKee or the board of trustees.

## Opinion.

Appellant, in its brief, attacks the three conclusions of law filed by the trial court, but now admits that it is in error as to the third conclusion.

■ Appellant argues that the liability of McKee to it arose by virtue of the contract he executed to the board of trustees and not by virtue of the bond, and therefore the court erred in concluding that his obligation to pay for the material furnished arose solely by virtue of the bond, and that it was necessary for a recovery that appellant comply with the requirements of article 5160, as amended by Acts 1929, c. 226, § 1 (Vernon's Ann. Civ. St. art. 5160).

The third paragraph of the contract between McKee and the board of trustees reads: "It is stipulated and agreed that the contractors shall and will enter into bond, to be approved by the owner in the sum of Twenty-seven Thousand ($27,000.00) Dollars, conditioned for the faithful performance of this contract, in all its items and details; and conditioned, further, that the contractor shall promptly pay for all labor and material used in or furnished for such work, whether furnished to the contractor or sub-contractors, if any, in accordance with the above mentioned plans and specifications and said General Conditions, and in strict accordance with the laws of Texas relative thereto."

Appellant's contention is that the portion of the above paragraph relating to paying for labor and material by McKee constituted a contract executed for the benefit of those furnishing labor and material, and therefore upon which they could maintain an action. This contention is, we think, unsound.

The paragraph admits of only one construction, and that is, that McKee obligated himself to give the bond provided for in article 5160, as amended, and the fact that the contract enumerates the conditions of the bond to be given could not, in our opinion, be held to constitute the making of a contract for the benefit of those furnishing materials used in the erection of the building.

■ Appellant, however, also alleges that McKee became liable to it under and by virtue of the giving of the bond.

The bond which the contract called for McKee to give was the one provided for by article 5160, and a person attempting to recover by reason thereof would, we think, necessarily be called upon to show that he had complied with the requirements of that statute.

Such a rule as to the sureties is well established, American Surety Co. v. Axtell Co., 120 Tex. 166, 36 S.W.(2d) 715; American Surety Co. v. Alamo Iron Works (Tex. Com. App.) 36 S.W.(2d) 714; Ætna Casualty & Surety Co. v. Woodward (Tex. Com. App.) 36 S.W.(2d) 721, and we see no reason why the same rule should not apply to the principal. It follows, therefore, that appellant has shown no right of action as against McKee, and the judgment of the trial court that appellant take nothing as to him must be affirmed.

■■ Article 5160 was amended by the Forty-First Legislature, 1929 (Vernon's Ann. Civ. St. art. 5160), and the concluding paragraph of the amending article reads: "Provided further that after completion and acceptance of completed project all moneys due contractor under said contract shall be held by the State or its counties or school districts or other subdivision thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract have been paid in full by the contractor."

Appellant alleged in its petition that it was damaged by the failure of the board of trustees to hold the 15 per cent. as provided in the contract in accordance with the above provision, and now argues that the board of trustees is liable to it for its claim by reason of its paying over to McKee the full amount of the contract price on the building without requiring satisfactory evidence and affidavits from him that all just claims for labor and material had been paid.

At the time the above-quoted provision was enacted, our statutes contained two separate provisions for the protection of the furnishers of labor and material on public works, viz., article 5160, which required the giving of a bond by the contractors conditioned for the payment to all persons supplying him with labor and materials in the prosecution of the work, and articles 5472a and 5472b, giving the furnisher of labor, material, apparatus, fixtures, or machinery a lien upon the moneys, bonds, or warrants due or to become due the contractor, and requiring the official whose duty it was to pay the contractor, after having been notified in writing of the claim, to retain a sufficient amount of the money, bonds, or warrants to pay the claim in case it was established in a court of proper jurisdiction.

Article 5160, before it was amended in 1929, contained a provision that a furnisher of material or labor must file a sworn itemized statement of his claim with the contractor or the county clerk of the county in which the work was being prosecuted within thirty

days from the date of the delivery of the material or thirty days after the claim accrued or became payable.

Under 5472a, the claim was required to be filed before the money was paid over to the contractor.

At the regular session of the Forty-First Legislature, article 5160 was amended requiring claims to be itemized and sworn to as required by statutes as to mechanic's lien claims and filed with the county clerk of the county in which the work was being prosecuted within ninety days from the date of the delivery of the material or the performance of the work.

After thus amending the article, the above-quoted provision appears.

At the second called session of the same Legislature chapter 78 was enacted (Vernon's Ann. Civ. St. art. 5472b—1) by which the contractor was authorized to give a bond in double the amount of any claims which might be filed under article 5472a, and thereby secure the release of the lien fixed by said article upon any moneys, bonds, or warrants due him.

All of the statutes, being enacted for the purpose of protecting the furnishers of labor and material on public works, are in pari materia, and must be considered together in construing any one of them.

In doing so we find that all of the statutes which have been passed by the Legislature, with the exception of the provision under consideration, required some diligence on the part of those having claims in order to avail themselves of the protection afforded by those statutes. In other words, the policy of the laws enacted on the subject placed reciprocal duties upon all the parties affected thereby, and, while the provision here under consideration clearly placed upon the state, counties, school districts, and municipalities the duty of requiring satisfactory evidence and affidavits from the contractor showing that all just claims for labor and material had been paid before paying over to him the moneys due him after the acceptance of the project, yet we cannot agree that the Legislature thereby intended that the state, or a county, school district, or municipality who failed to comply with that provision, would be liable to a furnisher of labor or material who had failed to use any diligence toward collecting his claim. To so hold would, as a practical matter, render unnecessary the filing of claims as provided for in article 5472a, for satisfactory evidence, as called for in the provision, could mean no less than statements from those who had furnished labor and material that they had received pay therefor.

As evidence of the fact that the Legislature did not have the intention of limiting the force of article 5472a, we find that at the second called session, and after the above provision had been passed, the act providing for the release of the lien created by said article was enacted.

While we recognize the force of the argument advanced by appellant as to the construction of the provision, yet we have concluded that the trial court did not err in concluding that the independent school district was not liable to appellant under the facts here revealed.

The judgment of the trial court is accordingly affirmed.