## STANDARD SANITARY MFG. CO. v. SOUTHERN SURETY CO. OF NEW YORK.

### No. 1326.

Court of Civil Appeals of Texas. Waco.

March 9, 1933.

Rehearing Denied April 20, 1933.

Arnold & Cozby, of San Antonio, for appellant.

Douglas & Black, of San Antonio, and John T. Suggs, of Dallas, for appellee.

P. H. Swearingen and Hirshberg, Mueller, Powell & Green, all of San Antonio, amici curiæ.

John T. Suggs, of Dallas, and P. H. Swearingen and Hirshberg, Mueller, Powell & Green, all of San Antonio, amici curiæ.

ALEXANDER, Justice.

In 1930, the San Antonio Independent School District, acting through its board of education, entered into a written contract with the Seidel Plumbing & Heating Company as contractor whereby said contractor agreed to furnish all labor and material and to install certain plumbing in a public school building for an agreed price. The contractor as principal and Southern Surety Company of New York as surety, in compliance with the provisions of Revised Statutes, article 5160, as amended in 1929 (chapter 226, § 1 [Vernon's Ann. Civ. St. art. 5160]), executed and delivered a bond to said board of education in the sum of $1,950 guaranteeing the payment of the claims of all workmen and furnishers of material on the job. The Standard Sanitary Manufacturing Company sold and delivered to the contractor certain materials which were used on said job. Before completion of the work, the contractor abandoned the job and was adjudged a bankrupt and the board of education was compelled to complete the improvements. After completing the improvements, there remained on hand in the possession of the board of education the sum of $342.22 over and above the amount necessarily expended by the board in completing the work. Within twelve months after the contractor abandoned the job, the Standard Sanitary Manufacturing Company brought this suit against the school district and its board of education and the Southern Surety Company of New York to recover the amount of its unpaid account. It gave notice to the board of education and did all other things necessary to a recovery except that it did not file with the county clerk of Bexar county within ninety days from the date of the delivery of the material an itemized and verified statement of the material so furnished by it to the contractor. The trial court allowed a recovery in favor of the plaintiff against the school district for the said sum of $342.22 which had been retained by the board and tendered into court, but denied a recovery for the balance of the plaintiff's account. The plaintiff appealed.

The sole question to be determined is whether the appellant was required, as a prerequisite to a recovery on the bond, to file an itemized, verified statement of its claim with the county clerk within ninety days from the date when it furnished the material to the contractor.

Revised Statutes, article 5160, as amended in 1929 (Vernon's Ann. Civ. St. art. 5160), provides that the contractor, upon entering into any contract for the construction of any public improvements, shall "execute the usual

Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract." It provides that any person who has furnished materials in the construction of such public improvements shall have the right to intervene in any suit brought to recover on such bond and to have his rights adjudicated therein. Said act further provides: "Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work."

Under the last quoted provision of the above act we think it a necessary prerequisite to a recovery on a bond given in compliance with the terms of said act, by one who has furnished materials used in the construction of such public improvements, that an itemized sworn statement of such account be filed with the county clerk within ninety days from the date of the delivery of such materials. While the act does not, as did the Act of 1927 (Acts 1927, 40th Leg., 1st C. S., p. 114, ch. 39, § 1), provide that any claims not so filed shall not be secured by such bond, yet we think it necessarily results that one who does not comply with the terms of the act which creates the right, shall not receive the benefits thereof. O'Connor v. Metropolitan Casualty Co. (Tex. Civ. App.) 56 S.W. (2d) 686; Fidelity & Deposit Co. v. Prassel Sash & Door Co. (Tex. Civ. App.) 24 S.W.(2d) 539 (writ refused); Detroit Fidelity & Surety Co. v. Pippins & Clarkson (Tex. Civ. App.) 47 S.W.(2d) 886, par. 1; American Surety Co. v. Axtell Co., 120 Tex. 166, 36 S.W.(2d) 715; American Surety Co. v. Alamo Iron Works (Tex. Com. App.) 36 S.W.(2d) 714; Detroit Fidelity & Surety Co. v. Moberly (Tex. Civ. App.) 52 S.W.(2d) 298, par. 9; Ætna Casualty & Surety Co. v. Woodward (Tex. Com. App.) 41 S.W.(2d) 674; Union Indemnity Co. v. Rockwell (Tex. Com. App.) 57 S.W.(2d) 90.

■ The appellant contends that the bond given in this case went further than was required by the statute and created a contractual obligation on the part of the contractor and his surety to pay all claims for material furnished and that by reason thereof appellant is entitled to recover on said bond as a common-law bond independent of, and without complying with the terms of, the statute. The bond contained the following condition: "* * * Conditioned, and this obligation is such that should the said Seidel Plumbing & Heating Co. Inc., fully and faithfully perform the said contract upon their (its) part, in accordance with its terms * * * and pay and satisfy all just and lawful claims or damages arising from or out of the same, to or for the benefit of the said San Antonio Board of Education (including the payment of all sums due all subcontractors, workmen, laborers, mechanics and furnishers of material by the said contractors, and for all whose benefit, as well as that of the San Antonio Board of Education, this bond is made and given; and the same shall be and are hereby made privies and parties hereto, with the right to sue and recover hereon as their interest may appear) * * * and shall pay all sums due or owing to all persons and corporations who have contracted with the said contractors, or who have furnished labor or materials to the said contractors * * * and the further condition and obligation of this bond is that the said Seidel Plumbing & Heating Co. Inc., contractors, shall promptly make all payments due or owing to all persons and corporations supplying or furnishing them * * * with material or labor in the prosecution and performance of the work provided in said contract. * * * It is agreed that this bond shall be construed to be a contractual bond for the benefit of all parties mentioned."

We do not believe that the bond creates any greater obligation than that required by the statute. The provision of the bond that the contractor "shall promptly make all payments due or owing to any persons and corporations supplying or furnishing them with material or labor in the prosecution and performance of the work provided for in said contract," is practically the same condition as that required by the statute. The further provision, in substance, that the bond was for the benefit of subcontractors, laborers, and furnishers of material and that such parties should have a right to sue and recover thereon, added nothing to the bond other than that required by the statute. The statute requires the execution of such bond for the protection of the parties above named and Revised Statutes, article 5161 expressly authorizes such parties to maintain an action on such bond. It would not be reasonable to hold that a contractor and his surety, by reason of their having executed a bond in response to the demand of the statute, and in compliance with the terms thereof, for the purpose of protecting rights created by the statute, should, by virtue thereof, be held responsible for obligations not authorized by such statute. Practically the same contention here made was urged in the case of Fidelity & Deposit Co. v. Prassel Sash & Door Co. (Tex. Civ. App.) 24 S.W.(2d) 539. The Court of Civil Appeals in that case overruled the contention here made by appellant and a writ of error was refused by the Supreme Court.

■ Furthermore, it was held in the case of Indemnity Ins. Co. v. South Texas Lum-

ber Co. (Tex. Com. App.) 29 S.W.(2d) 1009, that even though the bond created a common-law obligation independently of the statute, yet since the bond was given in reference to the demand of the statute, it must be construed in connection therewith and that the remedies afforded by the statute were exclusive. It was further held that any right of action which accrued to a materialman under a bond so taken by a municipality for public improvements was regulated by the statute creating such right. In that case it was held that since such statute provided that an action could not be brought on a bond given in compliance with the terms thereof after one year from the completion of the job, that an action could not be maintained thereon after the expiration of said period of limitation even though the bond be construed as a common law obligation. For a like reason it results that since the act which requires the giving of such bond creates the right of the materialman, he, in order to recover thereon, must comply with the provisions of the act with reference to filing notice with the county clerk, even though the bond be construed as a common-law obligation. American Surety Co. v. Axtell Co., 120 Tex. 166, 36 S.W.(2d) 715.

The judgment of the trial court is affirmed.