**FOTY et al. v. ROTCHSTEIN.**

No. 11240.

Court of Civil Appeals of Texas. Dallas.
May 20, 1933.

Rehearing Denied June 24, 1933.

tion of a public improvement. Thornton failed to pay for such supplies, causing Rotchstein to file his claim, under article 5472a, Vernon's Ann. Civ. St., with the state highway department; whereupon Foty, with the Globe Indemnity Company, as surety, executed a release bond, under article 5472b—1, agreeing to pay the claim if and when it was proven to be a lien on moneys held by the said state department, due to Foty on his public improvement contract with the state. Appellee filed suit on the account against Thornton, to establish a lien on the moneys held by the state authorities due to Foty, and to recover on the release bond against Foty and Globe Indemnity Company.

The record shows substantially that J. P. Foty had a contract with the Texas state highway commission to improve the public highway between Bells and Whitewright, in Grayson county; that appellee furnished to Thornton groceries and supplies aggregating the sum of $257.68; that he notified in writing the state officials, whose duty it was to pay for such improvements, of his claim, and thereupon the said officials required, and the contractor executed, a bond with the Globe Indemnity Company, as surety, conditioned that the principal and surety would pay to the obligee, Rotchstein, the amount of his claim, or such portion or portions thereof as may be proved to be a lien on the money due for such improvements, under the terms of the statute.

Appellants denied the existence of such lien on moneys due under the improvement contract, basing their contention on the fact that groceries furnished to a subcontractor, under the circumstances of the case, and consumed by laborers, are not proximately related to materials and labor used in the prosecution of the public work.

Upon a trial before the court, judgment was rendered for appellee against appellants, jointly and severally, for the sum of $257.68, and in addition thereto $50 as attorney's fee against appellants Foty and Globe Indemnity Company, perforce of the bond.

Appellant Thornton having confessed, in the court below, as here, the claim of appellee against him as being just, due, and unpaid, his liability is evident; therefore, his appeal may not be further considered. The liability of Foty and Globe Indemnity Company is based on the release bond, which is conditioned "that the principal and surety will pay to the obligee named, or his assigns, the amount of the claim or claims, or such portion or portions thereof as may be proved to have been liens under the terms of Ch. 17 General Laws of the State of Texas, passed at the regular Session of the 39th Legislature" (article 5472b—1, Vernon's Ann. Civ. St., Acts 1929, 41st Legislature, 2d Called Sess., c. 78).

See, also, 50 S.W.(2d) 927.

Billingsley & Billingsley, of Fort Worth, and Sam D. Wolfe, of Sherman, for appellants.

Brame & Brame, of Sherman, for appellee.

BOND, Justice.

Ike Rotchstein, a grocerman in the city of Denison, sold to I. J. Thornton, an alleged subcontractor under J. P. Foty, groceries claimed by Rotchstein as necessaries in the construc-

894

It is admitted that the improvements on the public highway were made between Bells and Whitewright, in the populous county of Grayson, evidently easily accessible to food and supplies for laborers on the work in hand. There is nothing in the record to indicate, either by pleading or proof, that at the time the groceries were purchased any necessity existed requiring the contractor or subcontractor to furnish the items of groceries and supplies for their laborers at such place. Under such conditions, the supplies had no proximate relation to the performance of the contract. Southern Surety Co. v. W. E. Callahan Construction Co. (Tex. Civ. App.) 283 S. W. 1098.

The right of the party furnishing labor or material is controlled by the statute giving such party a qualified claim or lien on moneys due the contractor. The labor and material must be such as to impress the statutory lien on the money held by the state officials. Groceries furnished to a contractor and consumed by laborers on public works have a proximate relation to the performance of the improvements only when a necessity exists for the furnishing of such supplies in the construction of public enterprises. In a country far from materials and supplies, laborers must be fed and clothed, and it is necessary for them to have food and clothing usually used by men in everyday life. To secure and keep labor, it is essential that they be accessible to such supplies. The location of the work establishes a condition precedent to liability on a contractor's bond for groceries furnished contractor and consumed by laborers on such improvements. The seller of such merchandise, under such condition, would have a claim provable as a lien on public funds. U. S. Fidelity & Guar. Co. v. Henderson County (Tex. Civ. App.) 253 S. W. 835; Id. (Tex. Com. App.) 276 S. W. 203. Thus we conclude that appellee's claim against Thornton for groceries and supplies, consumed by laborers, is not such a claim as would be an established lien on moneys released by the bond.

Appellants also contend that the account, the basis of appellee's alleged claim and statutory lien, is not sufficiently itemized to determine, in view of the objects and purposes of the statutes, the creation of a lien on moneys due on a contract for public improvements. We sustain appellants' contention.

The portion of the account complained of reads: "June 18, 1930, balance due $328.83, by check $206.98, balance $121.85." The record shows that appellee was unable to further itemize the account.

It is evident that the account does not provide appellants with sufficient particularities as to enable them to ascertain whether or not the account is correct, and does not show facts necessary to the establishment of the lien on the moneys for which the release bond was given. To accomplish these purposes, the account should show the facts required by law to establish the lien on the funds released by it. The lien exists only for necessaries proximately related to the improvements, and itemization of the necessaries is essential to establish liability on the bond.

Appellants further contend that they were deprived of the privilege of showing that Thornton was not a subcontractor under Foty, at the time of the accrual of the alleged account. The record shows that the trial court assumed the position that any account due by Thornton to Rotchstein was covered by the release bond, wherefore the principal and sureties were liable. If the items in the account were not furnished to the subcontractor for the improvement for which the moneys released was due, no lien could exist on the funds, and the contractor's bondsmen would not be liable. However, appellee's failure or inability to itemize the account, and the action of the trial court in refusing to permit appellants to show that Thornton was not a subcontractor under the general contractor, as above indicated, becomes immaterial in view of our interpretation of the record. The account shows no liability as to appellants Foty and Globe Indemnity Company.

Appellee's suit against appellants, in pleadings and evidence, is one of joint and several liability, and the judgment rendered is in accord therewith; thus the appellate court is authorized to affirm the judgment of the lower court as to one appellant and make such disposition of others as the pleadings and evidence warrant. The case is affirmed as to appellant Thornton, and reversed and rendered as to appellants Foty and Globe Indemnity Company.

Affirmed in part; reversed and rendered in part.