## SUGGS et al. v. SMITHERS et al.
## No. 1416.

Court of Civil Appeals of Texas. Waco.
Dec. 14, 1933.

Rice, Hyman & Suggs, of Dallas, for appellants.

Dean & Humphrey, of Huntsville, for appellees.

ALEXANDER, Justice.

A contract was entered into between the state of Texas and Tibbetts Construction Company for the paving of a certain highway in Walker county. The contractor executed a bond in compliance with the provisions of Revised Statutes, article 5160, to secure the faithful performance of the contract. The plaintiffs and certain other claimants who intervened herein brought suit against said contractor and the surety on its bond to recover the contract price of certain materials used in the construction of the road. All of the material here involved was furnished by the plaintiffs and said interveners after said article 5160 was amended in 1929. Neither of the plaintiffs or interveners alleged or attempted to prove that an itemized, verified claim against said contractor for the material so furnished was filed with the county clerk of the county in which said work was being prosecuted. In fact, it seems to be conceded that such verified claim was not so filed. The court entered judgment against said contractor and the surety on its bond for the contract price of the material so furnished. The surety alone appealed.

Revised Statutes, article 5160, as amended in 1929 (Vernon's Ann. Civ. St. art. 5160), provides that the contractor, upon entering into any contract for the construction of any public improvements, shall "execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. * * * Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work."

In the case of Standard Sanitary Mfg. Co. v. Southern Surety Co., 59 S.W.(2d) 291, we had under consideration the question of whether or not one who had not filed with the county clerk his verified claim, as provided in the above statute, could recover on the contractor's bond, and we there held that in the absence of proof of the timely filing of such notice with the county clerk recovery could not be had against the surety on the contractor's bond. The Supreme Court refused a writ of error in that case. Similar holdings have been made in the following cases: C. A. Dunham Co. v. McKee (Tex. Civ. App.) 57 S.W.(2d) 1132 (writ refused); O'Connor v. Metropolitan Casualty Ins. Co. (Tex. Civ. App.) 56 S.W.(2d) 686 (writ dismissed).

The appellees contend that the provisions of article 5160 as amended in 1929 requiring the filing of an itemized, verified claim with the county clerk, have no application where the contract is with the state of Texas as distinguished from a contract with a county or other subdivision of the state. This contention is based upon the fact that said statute requires the county clerk to note on the mechanic's lien records the name of the claimant, the name of the contractor, and "the name of the county, school district, other subdivision or municipality with which the contract was made," and to index the claim accordingly, but does not specifically provide that the clerk shall so note the same on the

claim docket in the name of the "State" where the contract is with the state of Texas. We cannot agree with this contention. Other provisions of the act make it clear that its terms were intended to apply alike to contracts with the state, as well as to contracts with subdivisions thereof. It has been held in numerous cases in which the state of Texas was a party to the contract that recovery could not be had against the surety on the contractor's bond in the absence of a timely filing of such verified claim with the county clerk. O'Connor v. Metropolitan Casualty Ins. Company, supra; Huddleston & Work v. Kennedy (Tex. Civ. App.) 57 S.W.(2d) 255; Texas Company v. Schriewer (Tex. Civ. App.) 38 S.W.(2d) 141; Smith v. Texas Co. (Tex. Com. App.) 53 S.W.(2d) 774; Detroit Fidelity & Surety Co. v. Pippins & Clarkson (Tex. Civ. App.) 47 S.W.(2d) 886, par. 2; Detroit Fidelity & Surety Co. v. Moberly (Tex. Civ. App.) 52 S.W.(2d) 298; Foty v. Rotchstein (Tex. Civ. App.) 60 S.W.(2d) 892.

Since appellees did not allege nor prove that their claims were filed with the county clerk, as provided by the statute, they were not entitled to recover as against the surety on the contractor's bond. The judgment of the trial court against the Southern Surety Company of New York and John T. Suggs and E. A. Hays, as receivers thereof, is hereby reversed, and judgment here rendered in favor of said defendants. The judgment of the trial court in all other respects is affirmed.