## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. TEXAS SAND & GRAVEL CO. et al.

No. 1444.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1934.

Rehearing Denied March 1, 1934.

552

Sleeper, Boynton & Kendall, of Waco, for appellant.

Tirey & Tirey and Naman, Howell & Brooks, all of Waco, Touchstone, Wight, Gormley & Price, of Dallas, and Charles Gibbs, of San Angelo, for appellees.

ALEXANDER, Justice.

E. R. Leach entered into a contract with the state of Texas for the construction of a public highway in Ector county. He executed the statutory bond provided for in Revised Statutes, art. 5160, as amended by Acts 1929, c. 226, § 1 (Vernon's Ann. Civ. St. art. 5160), with the United States Fidelity & Guaranty Company as surety, to secure the faithful performance of the contract. Leach subleti the entire contract to L. A. Murdoch, who executed and delivered to Leach his bond with the Metropolitan Casualty Insurance Company of New York as surety, to insure the faithful performance of his contract. Texas Sand & Gravel Company brought suit against Leach, Murdoch, and the two above-named surety companies as sureties on said bonds to recover the contract price of certain materials furnished to Murdoch and used in the construction of said road. C. H. Strain intervened in the case and sought judgment against the same parties for the contract price of certain labor furnished by him and used by Murdoch in the construction of the road. Judgment was entered in favor of Strain against Leach, Murdoch, United States Fidelity & Guaranty Company, and Metropolitan Casualty Insurance Company, jointly and severally, for the sum of $635.67. A judgment for a like amount was rendered in fa-

vor of Leach over against Murdoch and the surety on his bond. Judgment was rendered in favor of the Texas Sand & Gravel Company against the same defendant. The Metropolitan Casualty Insurance Company alone appealed.

Since the removal of the case to this court, the judgment in favor of Texas Sand & Gravel Company has been settled, and the appeal in so far as said appellee is concerned has been dismissed. The only matter remaining for consideration is the judgment in favor of C. H. Strain.

■ Appellant's first contention is that the bond given by it to secure the performance of the contract by Murdoch was an indemnity bond given for Leach's protection only, and was not made for the use and benefit of those furnishing Murdoch with labor and material, and that by reason thereof Strain was not entitled to recover against the appellant on said bond. The bond in question, not being one required by the statute, is to be construed as a common-law obligation, and, if liability is to be fixed against the surety in favor of Strain, it must be by virtue of the provisions of the bond. It bound Murdoch as principal and appellant as surety "unto E. R. Leach in the penal sum of $33,609.26," and contained the following condition: "The condition of this obligation is such that if the bounded principal, L. A. Murdoch, shall in all things well and truly perform all the terms and conditions of the foregoing contract, to be by him performed and within the time mentioned therein, and shall pay all claims for labor performed and materials furnished and about the construction of the said road, and shall have paid and discharged all liabilities for injuries which have been incurred in and about said construction under the operation of the statutes of the State, then this obligation is to be void; otherwise to be and remain in full force and virtue."

It will be noted that Strain is not named as a payee in the bond, and that said bond does not, by express terms, provide that it is given for the benefit of any one other than Leach. If the furnishers of labor and material were made beneficiaries under said bond, it was by virtue of the terms of the defeasance clause, which provided that, if Murdoch "shall pay all claims for labor and material furnished, * * * then this obligation is to be void." The effect to be given to such a defeasance clause depends on the intention of the parties. In ascertaining such intention, considerable weight is usually giv-

en to the question as to whether or not the provision in question was or was not necessary for the complete protection of the payee named in the bond. If such provision was necessary to the complete protection of the named payee, then the bond is generally construed as an indemnity bond for his protection only. National Bank of Cleburne v. G., C. & S. F. Ry. Co., 95 Tex. 176, 66 S. W. 203; Oak Cliff Lumber Co. v. American Indemnity Co. (Tex. Civ. App.) 266 S. W. 429. If such provision was not necessary for the protection of the payee, then the bond, under some circumstances, may be construed as inuring to the benefit of the laborers and materialmen. Mosher Mfg. Co. v. Equitable Surety Co. (Tex. Com. App.) 229 S. W. 318; American Employers' Ins. Co. v. Roddy (Tex. Com. App.) 51 S.W.(2d) 280; Wm. Cameron & Co. v. American Surety Co. (Tex. Com. App.) 55 S. W.(2d) 1032. It is now well settled that an original contractor who contracts with the state for the construction of a public highway is liable, upon compliance by the creditor with the terms of the statute, for the cost of labor and material furnished to a subcontractor and used by him in the construction of the road. Texas Company v. Schriewer (Tex. Civ. App.) 38 S.W.(2d) 141; Smith v. Texas Co. (Tex. Com. App.) 53 S.W.(2d) 774. The provision of the bond, therefore, that Murdoch "shall pay all claims for labor performed and material furnished," was necessary for the complete protection of Leach, the original contractor, and should not be construed as having been inserted for the benefit of third parties. Under the circumstances, we are of the opinion that the bond was an indemnity bond given for the protection of Leach only, and that it did not inure to the benefit of Strain who furnished labor and material for the construction of the road. It was error, therefore, for the court to enter judgment in favor of Strain against the Metropolitan Casualty Insurance Company on the bond in question.

 Appellant's next contention is that Strain was not entitled to recover herein against the original contractor, Leach, nor the surety on his bond, because he did not prove that he had complied with the provisions of Revised Statutes, article 5160, as amended in 1929 (Vernon's Ann. Civ. St. art. 5160), by filing an itemized, verified statement of his claim with the county clerk of Ector county within ninety days from the date of the performance of the work in question. Such a showing was necessary to entitle the intervener to recover herein. Standard Sanitary Mfg. Co. v. Southern Surety Co. (Tex. Civ. App.) 59 S.W.(2d) 291 (writ refused); Employers' Liability Assur. Corp. v. Young County Lumber Co. (Tex. Com. App.) 64 S.W. (2d) 339, par. 8; Suggs v. Smithers (Tex. Civ. App.) 66 S.W.(2d) 750. The trial court filed findings of fact in which it was found that such verified account was filed within ninety days from the performance of the work in question. The appellant challenges such finding as being unsupported by and contrary to the evidence. We have reviewed the record very carefully, but have been unable to find sufficient evidence to support the court's finding. Strain filed his itemized, verified account with said county clerk on December 10, 1931. Such filing was in time to secure payment for such labor only as was performed on and after September 11, 1931. The evidence shows that the contract in question was completed about September 15th, and Strain testified that the account sued for represented the balance due for the last month's work. There is no other evidence to indicate with particularity just when the labor in question was performed. The burden was upon Strain to prove that the labor was performed within the statutory period, and, unless he has done so, he is not entitled to recover. We do not think that the above evidence is sufficient to support an inference that all of the labor in question was performed on and after September 11th. We recognize that the findings of a trial court are entitled to great weight, and that, if there is room for difference of opinion between reasonable men as to the inferences or conclusions which might be drawn from the evidence in support of such findings, we should not disturb the judgment of the lower court based thereon; but a judgment cannot be sustained without some substantial evidence of probative force to support it. Generally speaking, a fact may be established by circumstantial evidence, but, in order to do so, the evidence must have probative force sufficient to constitute the basis of a legal inference. It must not be purely speculative. Baker v. Loftin (Tex. Com. App.) 222 S. W. 195. We sustain this assignment, and hold that the evidence is insufficient to establish that all of the work sued for, and for which judgment was allowed, was performed within ninety days prior to the filing of such claim with the county clerk of Ector county. This requires a reversal of the case. It may be that upon another trial this phase of the case can be more fully developed.

The judgment of the trial court in favor of Strain against Murdoch is affirmed. In

all other respects, the judgment of the trial court is reversed, and the cause remanded for a new trial.