

# The Attorney General of Texas

December 27, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

324 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Glenn H. Kothmann
Chairman
Subcommittee on Energy
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas 78711

Opinion No. JM-268

Re: Whether a weekly newspaper qualifies as an "official legal publication" under the Bond Procedures Act

Dear Senator Kothmann:

You request our opinion regarding the following:

> With regard to 'official legal publication' for a municipal utility district and/or water district, does a weekly newspaper with a general circulation in a county and, particularly, within the area covered by the municipal utility district and/or water district qualify as the official legal publication for such district under the Bond Procedures Act?

We conclude that a weekly newspaper as described above may qualify as an official legal publication for a municipal utility district and/or water district under the Bond Procedures Act of 1981.

Legal publications in newspapers are governed by articles 28a and 29a, V.T.C.S. "Newspaper" is defined in article 28a(2), V.T.C.S., as:

> any newspaper devoting not less than twenty-five percent (25%) of its total column lineage to the carrying of items of general interest, <u>published not less frequently than once each week, entered as second-class postal matter in the county where published</u>, and having been published regularly and continuously for not less than twelve (12) months prior to the making of any publication mentioned in this Act. . . . (Emphasis added).

Article 29a, V.T.C.S., provides in part:

> After the effective date of this Act, in every case where any law, general or special, requires

the giving of any notice . . . by any . . . district of whatever nature within the State by publication in a newspaper, the giving of such notice . . . shall be by publication in a newspaper, as defined in Section 1 of this Act [article 28a]. If any such law or laws specifies the manner of publication of such notice . . . in a newspaper, such law or laws govern the manner of publication of such notice. . . . If the manner of publication of such notice . . . is not prescribed by the law requiring such notice to be given . . . then publication of such notice, proclamation, advertisement, or citation shall be made in a newspaper subject to the following restrictions and requirements:

(1) When the number of insertions of a publication is not specified by the law or laws requiring or authorizing such publication, such publication shall be inserted in some newspaper for at least one issue of such newspaper.

(2) If the period of time required for the giving of any notice . . . is specified by the law or laws requiring or authorizing the giving of such notice . . . then the provisions of such law or laws shall be complied with as to such period of time in all publications made under the provisions of this Act.

(3) If the period of time referred to in paragraph 2 of this Article is not specified in the law or laws referred to therein, then such publication shall be in some newspaper issued at least one day prior to the happening of the events referred to in such publication.

You particularly inquire about legal publications which are required or authorized by the Bond Procedures Act of 1981. V.T.C.S. art. 717k-6. The Bond Procedures Act of 1981 was enacted to provide a uniform procedure for the issuance of bonds and other obligations, by defining the term "issuer" to include almost any instrumentality of the State of Texas, including municipal utility districts and water districts. See V.T.C.S. art. 717k-6, §1(a). The act is procedural only and does not grant original power to any issuer to issue bonds or eliminate any legal requirement for basic issuance. See V.T.C.S. art. 717k-6, §2. The act has no notice provision. Accordingly, it is necessary to determine which statutes grant municipal utility districts and water districts the authority to issue bonds. It is

also necessary to determine which statutory provisions provide procedures which these districts are required to follow in giving official notice by newspaper.

The statutes governing municipal utility districts which are organized under article XVI, section 59 of the Texas Constitution, are codified in chapter 54 of the Water Code. A municipal utility district is authorized to issue bonds. See Water Code §54.501. The Water Code provides that before a bond is sold by a district, the notice of such sale must be published by the board in a newspaper. See Water Code §54.5121. Section 54.5121 of the Water Code provides:

> (a) Except for refunding bonds, bonds sold to a state or federal agency, and bonds registered with any federal agency, after any bonds are finally approved and before they are sold by a district, the board shall publish an appropriate notice of the sale:
>
> (1) at least one time not less than 10 days before the date of sale in a newspaper of general circulation which is published in the county or counties in which the district is located; and
>
> (2) at least one time in one or more recognized financial publications of general circulation in the state as approved by the attorney general.
>
> (b) If a newspaper publication required by Subdivision (1), Subsection (a), of this section is not published in the county, then notice may be published in any newspaper of general circulation in such county.

The notice provisions governing other types of water districts, whether organized under article XVI, section 59, or article III, section 52, of the Texas Constitution, contain the exact language as section 54.5121 of the Water Code. See Water Code §50.053 (special law districts); §51.4321 (control and improvement districts); §53.1791 (fresh water supply districts). All these statutory provisions except from application refunding bonds, bonds sold to a state or federal agency, and bonds registered with a federal agency. See Water Code §50.053(a); §51.4321(a); §53.1791(a); §54.5121(a).

The applicable rule of statutory construction is that statutes dealing with the same general subject are construed in pari materia though they may contain no reference to each other and were enacted at

different sessions of the legislature.  See C.A. Dunham Co. v. McKee, 57 S.W.2d 1132 at 1135 (Tex. Civ. App. - El Paso 1933, writ ref'd); see also 53 Tex. Jur.2d Statutes §186.  Statutes that are in pari materia are to be read and construed together in arriving at the intention of the legislature and must be harmonized, if possible, so as not to destroy the effect of either.  See Calvert v. Fort Worth National Bank, 356 S.W.2d 918 at 921 (Tex. 1962).  Article 28a(2), V.T.C.S., when read together with sections 50.053, 51.4321, 53.1791, and 54.5121 of the Water Code, would allow a notice of bond sale to be published in a weekly newspaper with a general circulation in a county within the area of the municipal utility district and/or water district, provided that the board of the district strictly complies with the provisions of article 29a, V.T.C.S.  Cf. Attorney General Opinion H-1081 (1977).

## SUMMARY

A weekly newspaper with a general circulation in a county within the area covered by a municipal utility district and/or water district may qualify as the official legal publication for such district under the Bond Procedures Act of 1981 and sections 50.053, 51.4321, 53.1791 and 54.5121 of the Water Code, provided that the provisions of article 29a, V.T.C.S., are strictly complied with.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton